# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL GIBSON )<br>and )<br>MARK KESNER, )<br>         Defendants )<br>) | CRIMINAL NO. 15cr10323<br><br>VIOLATIONS:<br>26 U.S.C. § 7206(1) – Filing False Tax Returns<br>26 U.S.C. § 7206(2) – Assisting the Preparation of False Returns<br>18 U.S.C. § 371 – Conspiracy to Defraud the United States |

## INDICTMENT

The Grand Jury charges:

### Introduction

At all times material to this Indictment:

1. Defendant DANIEL GIBSON ("GIBSON") was a lawyer and the President and Managing Director of a law firm ("the LF"). GIBSON owned two-thirds (2/3) of the LF and a partner owned one-third (1/3).

2. Defendant MARK KESNER ("KESNER") was a certified public accountant and a partner in an accounting firm ("the AF"). At all material times, GIBSON retained KESNER and the AF to perform accounting services for the LF and for himself, personally. Between approximately 2005 and 2010, these services included reviewing accounting records maintained using software called Quickbooks and making adjustments to those records, preparing tax returns for GIBSON and the LF, preparing financial statements for the LF, assisting the LF in obtaining bank loans and assisting GIBSON with various office issues.

3. The LF was an S corporation. S corporations are closely held companies and partnerships that choose to be taxed under Subchapter S of Chapter 1 of the Internal Revenue Code. As an S corporation, the LF was required by law to file a federal income tax return each year but was not required to pay federal income taxes directly. Instead, the LF's income was passed through for tax purposes to its shareholders. Accordingly, GIBSON was required to pay income taxes on two-thirds of the LF's net income and his partner was required to pay income taxes on one-third.

4. Pursuant to the Internal Revenue Code and attendant regulations, individual taxpayers generally are required annually to accurately report their income, attendant tax obligations, and, where appropriate, any claim for a refund on a U.S. Individual Income Tax Return, Form 1040 ("Form 1040" or "tax return"), which must be filed with the Internal Revenue Service of the United States Department of the Treasury (the "IRS").

## General Background

5. Between 2005 and 2009, the LF's bookkeeper ("the Bookkeeper") worked closely with GIBSON. Using Quickbooks, she kept a detailed record of payments the LF received for professional services and expenses the LF paid. At the end of each year, the Bookkeeper provided a computer file containing the LF's Quickbooks records to KESNER and the junior accountant who assisted him ("the Assistant").

6. As a general matter, KESNER and the Assistant reviewed the Quickbooks file, asked the Bookkeeper follow-up questions and asked the Bookkeeper for additional documentation. KESNER also met and spoke with GIBSON privately about the firm's finances as needed. At KESNER's direction, the Assistant then adjusted the Quickbooks records, prepared the LF's and GIBSON's tax returns and prepared a financial statement for the LF.

2

## The Conspiracy and Tax Fraud Scheme

7. In the tax years, 2005, 2006, 2008 and 2009 ("the tax years"), the tax returns prepared under KESNER's direction and filed by GIBSON for the LF purported to reflect the total income that the LF earned during the tax year. Similarly, the tax returns prepared under KESNER's direction and filed by GIBSON individually purported to accurately reflect his share of the LF's net income. In fact, however, the tax returns intentionally underreported the professional fees received by the LF by approximately $3,723,441.01, enabling GIBSON to under-report his personal income by approximately $2,482,294. GIBSON attested that the returns were true, correct and complete and caused the returns to be filed with the Internal Revenue Service. As GIBSON and KESNER both knew, the returns were materially false, because they underreported the income that the LF obtained and GIBSON earned.

### Object of the Conspiracy

8. The purpose of the conspiracy was to impede, impair, obstruct and defeat the lawful government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment, and collection of income taxes, and thereby to permit GIBSON to retain more of his income through the underpayment of taxes he owed.

### Manner and Means

9. The manner and means by which GIBSON and KESNER accomplished the objectives of the conspiracy and the tax fraud scheme, included, among other things, the following:

    a. In every year except one between 2005 and 2009, KESNER directed the Assistant or the Bookkeeper to subtract several hundred thousand dollars from the professional fees which the LF recorded in its

Quickbooks files. There was no legal or factual basis for reducing the professional fees which the firm reported.

b. Because two-thirds of the LF's net income was passed through to GIBSON for tax purposes, KESNER and GIBSON were then able to, and did, underreport GIBSON'S personal tax obligations. Between 2005 and 2009, KESNER prepared, and GIBSON filed under oath, tax returns that underreported the federal income taxes GIBSON owed by approximately $875,210.

Overt Acts

10. On or about various dates between approximately June 2006 and October 2010, KESNER and GIBSON did the following overt acts, among others, in furtherance of their conspiracy and tax fraud scheme:

a. On or about June 16, 2006, KESNER met with the Bookkeeper to review the Quickbooks files for the 2005 tax year and make adjustments. As a consequence of this meeting, the Bookkeeper adjusted the amount of professional fees reported by the firm, reducing them by $868,441.01.

b. On or about September 10, 2007, GIBSON caused an e-mail to be sent on his behalf to KESNER to request that the amount reflected on the LF's books as loans to him and his partner in the LF be reduced by $735,000 and $245,000, respectively. KESNER, in turn, directed the Accountant to reduce the professional fees being reported by the LF for the 2006 tax year by $980,000 ($735,000 + $245,000).

c. On or about July 29, 2009 GIBSON arranged for KESNER to come to the LF's office to review the 2008 tax year. That same day, KESNER directed the Bookkeeper to reduce the amount of professional fees reported by the LF by first $765,000, then two days later, ultimately $675,000.

d. On or about November 10, 2009, GIBSON filed an Individual Income Tax Return, Form 1040, which under-reported his income by approximately $450,000.

e. On or about September 9, 2010, GIBSON sent an e-mail to KESNER falsely stating that he had made $1.2 million in loans to the LF during tax year 2009. KESNER, knowing this statement was untrue, thereafter directed the Assistant to reduce the professional fees reported by the LF by $1.2 million.

f. On or about October 8, 2010, GIBSON filed an Individual Income Tax Return, Form 1040, which underreported his income by $800,000.

## COUNTS ONE AND TWO
## (26 U.S.C. §7206(1) – Filing a False Tax Return)

11. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 10, and further charges that:

12. On or about the filing dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

DANIEL GIBSON,

did willfully make and subscribe U.S. Individual Tax Returns, Forms 1040, for the tax years set forth below and filed on or about the dates indicated below, which returns were verified by a declaration that they were made under the penalties of perjury, and which returns GIBSON did not believe to be true and correct as to every material matter, in that GIBSON failed to report material amounts of income he earned in the amounts set forth below:

| Count | Tax Year | Approx. Date of Filing | Taxable Income Reported | Income Omitted | Additional Federal Income Tax Due and Owing |
|---|---|---|---|---|---|
| One | 2008 | 11/10/2009 | $560,513 | $450,000 | $150,659 |
| Two | 2009 | 10/08/2010 | $815,255 | $800,000 | $282,800 |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS THREE AND FOUR
### (26 U.S.C. §7206(2) – Aiding, Assisting an Advising the Preparation of a False Tax Return)

13. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 10, and further charges that:

14. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

MARK KESNER,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040. The return was false and fraudulent as to a material matter, in that it underreported the net income earned by DANIEL GIBSON in the approximate amounts set forth below:

| Count | Tax Year | Approx. Date of Filing | Income Omitted | Additional Federal Income Tax Due and Owing |
|---|---|---|---|---|
| Three | 2008 | 11/10/2009 | $450,000 | $150,659 |
| Four | 2009 | 10/08/2010 | $800,000 | $282,800 |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 5
### (18 U.S.C. § 371 – Conspiracy to Defraud the United States and Impede and Impair the IRS)

15. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 10, and further charges that:

16. On or about and between June 2006 and October, 2010, in the District of Massachusetts and elsewhere, the defendants,

**DANIEL GIBSON**
and
**MARK KESNER,**

did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate and agree together and with each other to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue: to wit, income taxes.

In violation of Title 18, United States Code, Section 371.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
STEPHEN P. HEYMANN
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; October 28, 2015

Returned into the District by the Grand Jurors and filed

_____
DEPUTY CLERK   10/28/2015
@ 11:31 AM