UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. 15-CR-10323-IT |
| DANIEL GIBSON, MARK KESNER, | |
| Defendants. | |

JOINT MEMORANDUM FOR INITIAL STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

(1)   The Status of Automatic Discovery and Pending Discovery Requests:

The government has produced the automatic discovery that it believes is required under the Local Rules and has made additional discovery available to defense counsel for inspection. Defendant Kesner has made a letter request for discovery to the government to which the government has responded.

(2)   The Timing of Any Additional Discovery to Be Produced:

The government will produce the remainder of discovery in accordance with the schedules established by Local Rules 116.1 and 116.2.

(3)   The Timing of Any Additional Discovery Requests:

At this time, the government does not anticipate making any discovery requests. In light of the volume of information provided to the defendants on November 30, 2015, both

defendants request 75 days to review the government's production and make any additional discovery requests.

(4)     Protective Orders:

During the course of the investigation of this case, the government obtained copies of the Gibson and Behman law firm computer server. The government has provided defendants Kesner and Gibson with a disc containing copies of records found on that server to which the government has been given access after they have been screened for privilege by counsel. If, after reviewing these records and other materials provided during automatic discovery, there are additional records on the server which the defendants believe will be useful to preparation of their defenses, they will need to contact Mr. Willliam Lovett at Collora, LLP directly to work out whether a subpoena is necessary to narrow the request appropriately, an appropriate privilege review and appropriate protective order. If the government is given access to additional documents from the law firm computer system, it will provide those documents to defendants.

The defendants reserve their right to make additional requests directly to the Government with notice to Mr. Lovett who can move to intervene. The Government reserves its right to object to such requests.

(5)     The Timing of Any Pretrial Motions Under Fed. R. Crim. P. 12(b):

The parties agree with the schedule for Rule 12(b) motions set forth in the Initial Scheduling Order (Doc. No. 19), which requires such motions to be filed on or before the Final Status Conference.

(6)     Expert witness discovery:

While the government does not believe that e-mails and documents obtained in a straight-forward manner from a computer require expert testimony to authenticate, in an abundance of caution, the government provides the following notice. The government anticipates offering testimony in the areas of computer forensics and records created and stored by computers if stipulations on the authenticity of e-mails and other electronically stored records stored on Gibson and Behman's and Kesner, Godes and Morrissey's computer servers cannot be reached. The defendants request discovery concerning expert witnesses. The parties disagree on what dates should be established for expert disclosure and whether the dates should be the same for both parties.

(7)     Excludable delay:

The parties ask the Court to exclude the time from the date of the Initial Status Conference to an interim status conference under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for the parties to review discovery, investigate possible defenses, and evaluate the need for pre-trial motions. The ends of justice served by this exclusion would outweigh the best interest of the public and the defendant in a speedy trial.

(8)     Interim status conference:

The parties ask the Court to schedule an interim status conference 14-21 days after additional discovery requests are due.

(9)   Trial likelihood and length:

The parties anticipate that there will be a trial and that it will take approximately two weeks, but it will likely take longer if the parties are unable to work out trial stipulations and if either defendant puts on any witnesses in his defense.

                                 Respectfully submitted,

                                 CARMEN M. ORTIZ
                                 United States Attorney

By:   */s/ Stephen Heymann*
        Stephen Heymann
        Assistant U.S. Attorney

        */s/ Joshua Solomon    by sh*
        Joshua Solomon
        Counsel for Defendant Mark Kesner

        */s/ Martin Weinberg   by sh*
        Martin Weinberg
        Counsel for Defendant Daniel Gibson

Dated: December 7, 2015

                              Certificate of Service

The undersigned certifies that a copy of this Joint Memorandum has been served on all counsel of record through the electronic case filing system.

                                 */s/ Stephen Heymann*
                                 Stephen Heymann