

BOSTON   NEW YORK
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
133 Federal Street . Suite 902 . Boston, MA 02110
(617) 439-9800

December 10, 2015

<u>By Email</u>

Stephen Heymann, Esq.
Assistant United States Attorney
Office of the United States Attorney, District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210

    Re:    <u>United States v. Mark Kesner, 15-cr-10323-IT</u>

Dear Steve:

    We have received your two November 24, 2015 letters, one of which accompanied the government's automatic discovery, and the other responding to my November 11, 2015 letter. Now that we have received and had an opportunity to review preliminarily the government's automatic discovery, we send this letter to request additional discovery. Also, we have conferred with Mr. Gibson's counsel per Local Rule 116.3(h), and Mr. Gibson joins in the first four requests below. Furthermore, as you know, the government's automatic discovery was voluminous, and our review of it is ongoing. Thus, please consider this request an interim request, as we may have additional requests once our review is complete.

    First, your automatic discovery letter stated that the government is aware of a witness who accepted a CWOF for an assault and battery charge, but did not disclose the identity of the witness or provide the witness's criminal record. Pursuant to Local Rule 116.2(b)(1)(D), that information should have been provided with your automatic discovery. We ask that you provide it now.

    Second, the Memorandum of Interview that you produced for the July 3, 2012 meeting with Nancy Jones indicates that at the end of the meeting, Ms. Jones introduced Special Agents Mullett and Fornash to Barbara McCarthy. If any notes or memoranda were prepared regarding the interaction with Ms. McCarthy, we ask that you produce it to us.

    Third, your automatic discovery included a Memorandum of Interview of a May 11, 2012 meeting with Mr. Kesner. The Memorandum makes clear that the agents who prepared it also possessed "notes made during and immediately after the interview." Pursuant to Rule 16(a)(1)(B)(ii) and Local Rule 116.1(c)(1)(A), those notes should have been included in your automatic discovery, as Rule 16(a)(1)(B)(ii) requires the production of "*any* written record," not

Stephen Heymann, Esq.
December 10, 2015
Page 2

just formal memoranda. *See United States v. Vallee*, 380 F. Supp. 2d 11, 12 (D. Mass. 2005) ("The language of Rule 16 plainly, and unambiguously, requires the production of any handwritten notes of government agents containing the substance of anything said by the defendant during interrogation. Notably, the rule requires the disclosure of 'any written record' containing 'the substance of any relevant oral statement.' It is thus not limited to a typed, formalized statement."); *United States v. Almohandis*, 307 F. Supp. 2d 253, 257 (D. Mass. 2004). If other written records, in addition to the referenced notes, containing the substance of Mr. Kesner's statements exist, such as internal emails or memoranda, those too should have been produced. Please provide these materials as required by Rule 16.

Fourth, your automatic discovery letter referred to Gibson & Behman's withholding of materials on privilege grounds. Was the government provided with any log of what was withheld or any description of the process used with respect to Gibson & Behman materials over which the firm was claiming a privilege? Similarly, can you please clarify what the government possesses, what it has reviewed, and the difference, if any, between what the government possesses and to what it has "access"? Your letter stated that the "government has obtained copies of the Gibson and Behman computer server," but also suggests that the government has been given access to something less than the full server contents, "after they have been screened for privilege by counsel."

Finally, we previously requested on behalf of Mr. Kesner certain information related to the defense of vindictive prosecution. Through your November 24, 2015 letter, the government declined to provide such information. It appears from the government's automatic discovery, however, that the government did not obtain any new information concerning Mr. Kesner that the government could deem inculpatory between October 2, 2015, when you wrote to notify Mr. Kesner that he would be required to appear as a witness before the grand jury, and October 8, 2015, when you informed Mr. Kesner that he was now being treated as a target and thus would not be subpoenaed to the grand jury. The absence of any new evidence during that period further supports Mr. Kesner's vindictive-prosecution defense and undermines the November 24 letter's claim that discovery on that subject is unwarranted.

Accordingly, we request that the government provide additional information, notwithstanding its earlier refusal to do so. In an effort to resolve this issue by agreement, we are willing to narrow what we seek, without prejudice to seeking additional information later if needed. Specifically, we ask that the government provide the following information:

   a. Evidence that the government contends is inculpatory as to Mr. Kesner and that it discovered on or after October 2, 2015;

   b. Transcripts of those portions of the grand jury proceedings that relate to Mr. Kesner and that are dated on or after October 2, 2015;

   c. Communications, including notes or memoranda of communications, that relate to Mr. Kesner and that are dated on or after October 2, 2015;

Stephen Heymann, Esq.
December 10, 2015
Page 3

      d.  A log of communications, memoranda, or other documents that address charging decisions with respect to Mr. Kesner or Mr. Kesner's status as a witness, person of interest, subject, or target.

    We are hopeful that in light of our willingness to limit the requests in this way, we will be able to reach agreement on the government's prompt disclosure of additional information. Furthermore, to the extent that the government possesses no documents falling into categories a-c above, or any of them, we request that you inform us of that fact.

    Thank you.

                        Sincerely,

                        Joshua L. Solomon

cc:    Martin Weinberg, Esq.
        ECF