UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | \| |
| | \| |
| v. | \| CRIMINAL No. 15-CR-10323-IT |
| | \| |
| DANIEL GIBSON, MARK KESNER, | \| |
| | \| |
| Defendants. | \| |

JOINT MEMORANDUM FOR FIRST INTERIM STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

(1)   The Status of Automatic Discovery and Pending Discovery Requests:

The government has produced the automatic discovery that it believes is required under the Local Rules and has made additional discovery available to defense counsel for inspection. Defendants Kesner and Gibson have both made letter requests for discovery to the government to which the government has responded. Defendant Kesner has filed a motion to dismiss the indictment for prosecutorial vindictiveness and, in the alternative, for discovery which has been referred to this Court by the District Court.

Defendant Gibson has requested copies of files contained on a computer server used by the law firm of Gibson and Behman. The government has a copy of the whole server to establish authenticity of certain records at trial, if necessary. However, it has been given consent by the successor law firm to review only certain, non-privileged files, as reflected in the attached

agreement. The government previously has provided both defendants with copies of all records from that server which it believes it may access pursuant to that consent.  The defendant Gibson will contend that the discovery previously provided is co-extensive with the requirements of either F.R.Crim.P 16 or Local Rule 116.

The government also has no objection to Defendants' access to any files on the Gibson and Behman server copy to which the government has equal access.  However, absent consent by the successor firm, the Government believes this Court must give the successor law firm an opportunity to be heard on protections it believes need to be in place with respect to the law firm's files, and enter a discovery order which protects attorney-client privileged files on the server, gets the Defendants access to such files as are material to the preparation of their respective defenses that they do not already have, if any, gets the government equally broadened access, and is not unduly burdensome or slow.

Defendant Gibson contends that he should have unfettered access to the law firm server to the extent it contains documents created at a time when he was the principal shareholder of the firm, further contends that it constitutes Rule 16 discovery that is in the possession of the Government, and further contends that it contains substantial amounts of highly material evidence the possession of which is essential to his defense.

Counsel for the successor law firm is available at the time of the next interim status conference, and will be provided a copy of this report.

(2)     The Timing of Any Additional Discovery to Be Produced:

The government will produce the remainder of discovery in accordance with the schedules established by Local Rules 116.1 and 116.2.

(3)     The Timing of Any Additional Discovery Requests:

At this time, the government does not anticipate making any discovery requests. At Defendant Gibson's request, the government created and provided him on January 14, 2016 with a Concordance load file of records previously produced to the Defendant during automatic discovery. After processing, the load file has facilitated his ongoing initial review of the discovery provided under Local Rule 116 which the parties agree is broad and extensive. Defendants request that the time for filing additional discovery requests be continued for 60 days from the interim status conference

(4)     Protective Orders:

The parties believe a protective order likely will need to be entered to facilitate access to records contained on the Gibson and Behman server.

(5)     The Timing of Any Pretrial Motions Under Fed. R. Crim. P. 12(b):

The parties agree with the schedule for Rule 12(b) motions set forth in the Initial Scheduling Order (Doc. No. 19), which requires such motions to be filed on or before the Final Status Conference.

(6)     Expert witness discovery:

While the government does not believe that e-mails and documents obtained in a straight-forward manner from a computer require expert testimony to authenticate, in an abundance of caution, the government provides the following notice. The government anticipates offering testimony in the areas of computer forensics and records created and stored by computers if stipulations on the authenticity of e-mails and other electronically stored records stored on Gibson and Behman's and Kesner, Godes and Morrissey's computer servers cannot be reached.

The defendants request discovery concerning expert witnesses. The parties disagree on what dates should be established for expert disclosure and whether the dates should be the same for both parties.

    (7)    <u>Excludable delay</u>:

The parties ask the Court to exclude the time from the date of the first interim Status Conference to the next interim status conference under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for the parties to review discovery, investigate possible defenses, and evaluate the need for pre-trial motions. The ends of justice served by this exclusion would outweigh the best interest of the public and the defendants in a speedy trial.

    (8)    <u>Interim status conference</u>:

The parties ask the Court to schedule an interim status conference in 60 days.

(9)     Trial likelihood and length:

The parties anticipate that there will be a trial – and, if the defendants motion for separate trials is allowed – multiple trials and that each trial will take approximately two weeks, but it will likely take longer if the parties are unable to work out trial stipulations and if either defendant puts on any witnesses in his defense.

                Respectfully submitted,

                CARMEN M. ORTIZ
                United States Attorney

By:     */s/ Stephen Heymann*
        Stephen Heymann
        Assistant U.S. Attorney

*/s/ Joshua Solomon    by sh*
Joshua Solomon
Counsel for Defendant Mark Kesner

*/s/ Martin Weinberg   by sh*
Martin Weinberg
Counsel for Defendant Daniel Gibson

Dated: January 29, 2016

Certificate of Service

The undersigned certifies that a copy of this Joint Memorandum has been served on all counsel of record through the electronic case filing system.

                */s/ Stephen Heymann*
                Stephen Heymann