

U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 24, 2015

Martin G. Weinberg, Esq.
200 Park Plaza, Suite 1000
Boston, MA 02116

    Re:    United States v. Daniel Gibson
            Criminal No. 15 CR 10323

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16 (a)(1)(A) & (a)(1)(B)

    a.    Written Statements

    Contained on the enclosed disc are copies of relevant written statements made by defendant Daniel Gibson in the possession, custody or control of the government, the existence of which are known to the attorney for the government.

    b.    Recorded Statements

    There are no relevant recorded statements of defendant Daniel Gibson in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    Grand Jury Testimony of the Defendant

Defendant Daniel Gibson did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The enclosed disc contains a copy of the Memorandum of Interview of Mr. Gibson on May 11, 2012.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

The government is unaware at this time of any prior criminal record of the defendant.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(E)</u>

Subject to the limitations described below, the enclosed disc contains copies of all books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

The government has obtained copies of the Gibson and Behman computer server. The enclosed disc contains copies of records found on that server to which the government has been given access after they have been screened for privilege by counsel. If there are additional records which you believe will be useful to your preparation of the defense, please contact Mr. Willliam Lovett at Collora, LLP directly to work out whether a subpoena is necessary to narrow the request appropriately, an appropriate privilege review and appropriate protective order.

The enclosed disc contains copies of records of Gibson and Behman's accounts at Citizen's Bank. These records were received from the bank in paper form. The case agent scanned the statements and deposit items but not the cancelled checks. The cancelled checks may be reviewed by you at a mutually convenient time, should you wish to do so. Please contact Agent Ron Mullett directly, should you wish to do so.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

Enclosed are the reports of Revenue Agent Michael Pleshew. The government provides these voluntarily without waiving its position that they do not fall within the definition of this Rule.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b</u>

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

An individual who worked closely with codefendant Mark Kesner in the conspiracy charged in Count Five of the indictment is identified in the order pursuant to 18 U.S.C. § 6001 *et seq.* contained on the enclosed disc.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant Daniel Gibson was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant Daniel Gibson.

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

Information that you may consider to be discoverable under Local Rule 116.2(B)(1)(a) or (b) is contained in the Memoranda of Interviews folder on the enclosed disc. The government is aware of no further information or materials relating to this case of the type described in Local Rule 116.2(B)(1) other than the following:

An order pursuant to 18 U.S.C. § 6001 *et. seq.* was entered by the Court with respect to a witness prior to his/her testimony before the grand jury. A copy is contained on the enclosed disc.

A witness was accepted into the voluntary disclosure program by the Internal Revenue Service. A copy of the notification is contained on the enclosed disc.

The government is aware of one likely case-in-chief witness who was arrested in 2000 for assault and battery. The case was continued without a finding and dismissed.

H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at 617-748-3181 if you have any questions.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: 
Stephen P. Heymann
Assistant U.S. Attorney

enclosure

cc:  Noreen Russo
     Clerk to the Honorable Donald L. Cabell
     (w/o enclosure)

4