UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> (1) DANIEL P. GIBSON, and ) <br> (2) MARK KESNER ) <br> ) <br> Defendants. ) <br> ) | Criminal No. 1:15-cr-10323 |

**[PROPOSED] PROTECTIVE ORDER**

The Court hereby **ORDERS** as follows:

1. The imaged copy of the entire Gibson & Behman, PC server (hereinafter "Server"), currently in the possession, custody, or control of the Government, and the information contained therein, must be produced to (1) Defendant Daniel P. Gibson, and his counsel and any employees or agents of his counsel, and to (2) both co-defendant Mark Kesner and to the Government's counsel and any employees or agents of their counsel with such limitations as enumerated below. Such Server material may be used solely in the prosecution and defense of the above-captioned matter, and for no other purpose and in connection with no other proceeding.

2. Neither defendant Mark Kesner, nor the Government will have access to Gibson & Behman, PC client files. Defendant Mark Kesner and the Government will only have access to Gibson & Behman, PC client files to the extent that such client files are identified by defendant Daniel P. Gibson as material and notice is given to Scott Behman and his counsel, *see* par 6 *infra*;

3. Defendants Daniel P. Gibson and Mark Kesner, and the Government, will not disclose any Server materials, directly or indirectly, to any other person except those assisting the prosecution or defense, persons who are interviewed as potential witnesses, potential experts, or

1

other authorized persons, and then only during the course of the investigation, prosecution, and defense of this case;

4. Such Server materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter;

5. When providing the Server materials to an authorized person, Defendant Daniel P. Gibson's counsel, counsel for Mark Kesner and the Government's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order;

6. Neither defendant Mark Kesner nor the Government shall have access to Gibson & Behman, PC client files to avoid breaching the Attorney-Client Privilege and Work-Product Doctrine protections of former clients. Defendant Daniel P. Gibson and his counsel and any employees or agents of his counsel shall, however, have access to Gibson & Behman, PC client files. Prior to disclosing any Server material from client files, including using such material in court filings, or at trial, and/or prior to disclosing such materials to the Government or to co-defendant Mark Kesner or to any other person subject to par 5, supra, Defendant Gibson and his counsel shall give notice to Scott Behman and his counsel in a form that particularizes the specific client documents that he intends to disclose. Scott Behman and his counsel would then have the right to intervene at his election and the further right to contest the disclosure of any such specifically identified documents, which would further require that Mr. Behman particularize in a privilege log that would be filed with this Court;

7. Nothing contained in the Protective Order will preclude any party from applying

to the Court for further relief or for modification of any provision hereof.

Dated: February ___, 2016

                                                            **BY THE COURT:**

                                                           _____
                                                           Donald L. Cabell
                                                           United States Magistrate Judge