UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 15-cr-10323-IT |
| | ) |
| DANIEL GIBSON and MARK KESNER, | ) |
| | ) |
| Defendants. | ) |

GOVERNMENT'S RESPONSE TO DEFENDANT DANIEL GIBSON'S
MOTION TO COMPEL PRODUCTION OF THE
LAW FIRM OF GIBSON AND BEHMAN'S ENTIRE COMPUTER SERVER

The United States files this response to defendant Daniel Gibson's motion to compel production of the law firm of Gibson and Behman's entire computer server.[1]

Introduction

The government provided the defendants early in this case with copies of all records it has in its possession, custody and control which were stored on an image of the Gibson and Behman computer server.

This image was neither seized pursuant to a search warrant nor obtained pursuant to a grand jury subpoena, mechanisms which might give the government possession, custody or control of it physically or its full contents. Rather, the government was provided two images of the law firm's computer server for the limited purpose of facilitating an otherwise burdensome privilege review and production of subpoenaed electronic files. The scope of the government's right of access to files contained on the law firm server image was, and remains, limited by the scope of the firm's consent in the privilege review protocol agreement.

---

[1] Mark Kesner has joined in the motion.

1

A Rule 17 subpoena to Behman Hambelton, Gibson and Behman's successor firm, is the proper mechanism for the defendants obtaining any additional materials which they can establish are necessary for the preparation of their defenses.[2] The categories contained in Defendant Gibson's discovery request and motion to compel are vaguely described and overly broad. However, the government does not object to the Court issuing properly tailored subpoenas and requiring production of records before trial, so long as (1) the defendants establish with a reasonable degree of specificity the records which they seek and the records' materiality to the preparation of their defenses, (2) the government is equally provided copies of any law firm records which the parties do not already have as may be produced, (3) and Behman Hambelton is given the opportunity to appear and argue for appropriate protection of such of the firm's subpoenaed documents, communications and files as may be privileged.

The Government's Restricted Access to an
Image of the Gibson and Behman's Computer Server

On June 12, 2015, the government subpoenaed records relating to Gibson and Behman and Daniel Gibson from Behman Hambelton. The subpoena, a copy of which is attached as Exhibit A, compelled the production of records to the grand jury, not the computer server itself. After discussions with Behman Hambelton's counsel, a written privilege review protocol agreement (Exhibit "B") was reached to enable the law firm's compliance with the subpoena while ensuring the attorney client privilege was not violated with respect to law firm's communications and work with clients and their own attorneys. Pursuant to this agreement,

---

[2] At the time of the First Interim Status Conference in this case, the government stated that it believed that, absent an agreement, a discovery order was necessary to resolve broader access to the Gibson and Behman law firm computer server. After reading the Motion to Compel and discussing the issues with counsel, the government believes that a Rule 17 subpoena is necessary because Behman Hambelton is not a party to this case or otherwise subject to the Court's jurisdiction.

Behman Hambelton consented to the government retaining an image (physical copy) of the computer server to authenticate produced files if necessary at trial and an image to use during the electronic privilege review process, itself.  The law firm consented only to the government having access to those files which (1) satisfied the subpoena and (2) had been reviewed by Behman and Hambelton's counsel to ensure that they did not contain privileged materials.

The government cannot provide the defendants with an image of the law firm's entire computer server because it cannot transfer an unrestricted right to possess and search the law firm's computer server which the government, itself, does not have.[3]  The government can only do what it did in November: provide the defendants copies of every record from that server which it has in its possession, custody and control—those obtained pursuant to the written privilege protocol agreement.

Broader Law Firm Server Access
Than the Government Can Provide The Defendants

This in no way means that the defendants cannot get access to materials which they can demonstrate to the Court are necessary for the preparation of their defenses.  The defendants are in exactly the same position as if Behman Hambelton had printed paper copies of all of the sizeable number of records stored on Gibson and Behman's computer server, reviewed each one manually for relevance and privilege and produced relevant, unprivileged paper copies to the government in response to the grand jury's subpoena.  To the extent the defendants seek additional records for preparation of their defenses, they can, and should, simply apply to the Court for Rule 17 subpoenas.

---

[3] Defendant Gibson additionally contends that the server was obtained from or belongs to him.  The server was obtained from Behman Hambelton to whom the government understands it now belongs.

The government does not, and has never, objected to the defendants having access to materials on the law firm's computer server presently outside the government's possession custody and control so long as the government was accorded equal access to those materials and Behman Hambelton had an opportunity to be heard by the Court concerning attorney/client privilege issues.[4]  (*See* Letter to Mr. Gibson's counsel, attached as Exhibit "C"; First Interim Status Report, Docket No. 38).  Simply put, equal access is necessary to keep the parties on equal footing.  And, Behman Hambelton should be heard because it is their attorney/client privilege that is at issue.

---

[4] As this position evinces, the government is in no way seeking to suppress evidence which purportedly might be favorable to the accused as suggested in paragraph 5j of the defendant's motion, quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Further, the duty of a prosecutor to attempt to learn favorable evidence is not open-ended, as the incomplete quotation from *Kyles v. Whitley* in paragraph 5h suggests.  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence <u>known to the others acting on the government's behalf in the case, including the police</u>) (emphasis added); *see, e.g., United States v. Casas*, 365 F. 3d 104, 115-116 (1st Cir. 2004) (no *Brady* violation regarding citizenship application that showed witness had perjured himself, where prosecution had been unaware of document, which was not in its files, and "apparently had to get it from another agency not under its supervision in the case").  Indeed, the defendants not only have equal access through Rule 17 subpoenas to materials which they contend are favorable to them in this case, but also can better identify what they may be than the government.

The government has not been parsimonious in its production of discovery to date in this case.  It has provided defense counsel copies of materials and reports well outside the requirements of Fed. R. Crim. P 16 and the Local Rules of this Court, and there has been no failure to produce exculpatory evidence in violation of defendant's Fifth or Sixth Amendment rights.

Conclusion

      For these reasons, the Court should deny the Motion to Compel without prejudice to the defendants applying for Rule 17 subpoenas.

                                        Respectfully Submitted,

                                        CARMEN M. ORTIZ
                                        United States Attorney

                      By:    *Stephen P. Heymann*
                             STEPHEN P. HEYMANN
                             Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on this day, March 11, 2016, I electronically filed the above Opposition using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                        *Stephen P. Heymann*
                                        STEPHEN P. HEYMANN
                                        Assistant U.S. Attorney