

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 22, 2016

Mr. Martin G Weinberg
20 Park Plaza, Suite 1000
Boston, MA  02116

    Re:    <u>United States v. Daniel Gibson</u>
            Criminal No. 15-cr-10323-IT

Dear Mr. Weinberg,

      This letter responds to your discovery requests dated January 5, 2016, and January 14, 2016.

      With respect to the requests in your January 5, 2016 letter and paragraph 1 of your January 14, 2016 letter:

(1)    As we have discussed, the government has no objection to your access to any files on the Gibson and Behman server copy to which the government has equal access. The government previously has provided you with copies of all records from that server which it has. The consent by which the government has a physical copy of the drive is limited by an agreement, a copy of which was provided to you on December 16, 2015. Absent consent by the successor firm, we will need to get this before the Court to resolve in a way that protects attorney-client privileged files on the server, gets your client and Mr. Solomon's access to such files as are material to the preparation of your respective defenses that you do not already have, if any, gets the government equally broadened access, and is not unduly burdensome or slow. I will file a motion next week asking the Court to hear the matter at our next interim status conference and to have the successor firm's counsel there to state the firm's position.

      With respect to requests 2-8 of your January 14, 2016, letter:

(2)    Without waiving any objections to this request, Mr. Lovett did not provide a privilege log at that time.

(3)    The government objects to your request for communications with counsel for witnesses during the course of the investigation. Such communications are privileged, and there is no constitutional basis, statutory basis or basis in federal or local rules for their production.

(4) When the copy of the server was accessed, it was accessed through IRS software which applied the identifier "Gibson" found at the top of the page. Below that, you will see the case number and drive serial number. From there on, you will see the drive's file structure in its original form with some files expanded. It is worth noting that our understanding is that the drive contains files not only of Gibson and Behman but also for the successor firm, Behman Hamilton.

(5) To the extent, if any, that you are requesting materials covered by 18 U.S.C. § 3500, the nature and timing of such disclosures are covered by L. R. 117.1(5) and the government will comply with that rule. To the extent, if any, your request encompasses any exculpatory information, the nature and timing of such disclosures are governed by L. R. 116.2, and the government will comply with that rule. Otherwise, there is no basis for discovery of investigators' raw notes of interviews of individuals other than the defendant and the government objects to the request.

(6) The government has not determined whether it will be calling Mr. Behman as a witness in its case-in-chief. Accordingly, it is not required to produce any materials with respect to Mr. Behman at this time. Without waiving this objection:

    (a) Mr. Behman was preliminarily accepted into the Internal Revenue Service's voluntary disclosure program. He was informed at the time of the preliminary acceptance that a voluntary disclosure will not automatically guarantee immunity from prosecution; however, a voluntary disclosure may result in prosecution not being recommended.

    (b) Mr. Behman has submitted an Application for Award for Original Information, Form 211, to the IRS with respect to Daniel P. Gibson.

The timing and nature of production of the remainder of the materials you have requested are governed by L. R. 116.2(b)(2), if the decision is made to call Mr. Behman in the government's case-in-chief. The government will comply with that rule should it decide to call Mr. Behman.

(7) The government objects to this request. There are no articulated grounds for producing these records, if and to the extent they exist, and the government is aware of no grounds.

(8) In accordance with Fed. R. Crim. P. 404(b)(2)(A), the government will "provide reasonable notice of the general nature" of any evidence it intends to offer under the Rule.

                                                     Carmen M. Ortiz
                                                     U.S. Attorney

                                      By: _____
                                                     Stephen P. Heymann
                                                     Assistant U.S. Attorney