UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
UNITED STATES OF AMERICA                          )
                                                  )
          v.                                      )          Criminal No. 1:15-cr-10323
                                                  )
(1) DANIEL P. GIBSON, and                         )
(2) MARK KESNER                                   )
               Defendants                         )
_____)

**SCOTT BEHMAN AND BEHMAN HAMBLETON LLP'S
OPPOSITION TO DEFENDANT DANIEL P. GIBSON'S MOTION
TO COMPEL THE GOVERNMENT TO PROVIDE HIM WITH
<u>AN IMAGED COPY OF THE GIBSON & BEHMAN SERVER</u>**

   Third parties Scott Behman ("Behman") and Behman Hambleton LLP ("BH") oppose

Defendant Daniel P. Gibson's ("Gibson") Motion to Compel the Government to Provide him

With an Imaged Copy of the Gibson & Behman Server ("Motion") (dkt. # 42). Through his

motion, Gibson's counsel seeks unfettered access to BH's server. That server contains privileged

communications between BH and its clients, privileged communications between Gibson

Behman PC ("G&B") and it clients, privileged communications between Behman and

undersigned counsel as well as attorney work product and confidential client information.

   According to Gibson's Motion, both his counsel and counsel for Mark Kesner ("Kesner")

should be given unfettered access to privileged communications and confidential client

information maintained on the BH server so they can engage in a fishing expedition to determine

which information is "material" to their defense. The government opposes Gibson's motion

because it is not in possession of the server with the caveat that if the Court orders the server

produced, it is entitled to equal access to the privileged communications and confidential client

information for use in the prosecution.

Gibson's motion should be denied because: 1) Gibson is already in possession of the information that he claims is material to his defense; 2) the government does not have the legal authority to access the BH server; 3) Gibson has not met his burden of establishing that the information on the server is material to his defense; and 4) Gibson is not entitled to use privileged materials and confidential client information in defense of this case.

## Background

Until its dissolution in June 2011, G&B was a law firm in Burlington, Massachusetts. Behman and Gibson were shareholders at G&B. Kesner and his firm, Kesner, Godes & Morrisey, LLC, prepared the firm's tax returns and financial statements.

In March 2011, Behman discovered that Gibson was diverting G&B funds to his personal use and writing off Gibson's loans against professional fees. Behman sought and obtained injunctive relief removing Gibson from the management of the firm. Gibson later resigned from G&B and the firm dissolved effective June 30, 2011. Upon his resignation, Gibson retained his G&B laptop which presumably contains his emails and other client communications and information.

Thereafter, Behman formed BH which continued to use the G&B servers. One server contained the Microsoft Exchange Email Server. That server was replaced in 2012 with a BH server and the data from the G&B Microsoft Exchange Email Server was migrated to the new server. The BH server that Gibson seeks to compel contains both attorney-client communications and confidential client information for G&B and BH as well as confidential client information and communications between Behman, G&B and undersigned counsel. [1]

---

[1] Collora LLP asserted derivative claims on behalf of G&B in the civil litigation and in the civil proceedings that led to the injunctive relief removing Gibson from the firm.

## Document Production in Related Civil Litigation

After G&B dissolved, the parties engaged in two pieces of civil litigation, an arbitration

between Behman and Gibson and a civil lawsuit involving Kesner, Kesner, Godes & Morrisey,

LLC, Behman and Gibson. During the course of discovery, Behman produced numerous

documents responsive to Gibson's document requests including but not limited to:

- A disk containing Gibson's G&B email folder with internal G&B emails (produced to Attorney Weinberg in July 2012);

- A disk containing all of Gibson's G&B emails, including client communications (produced to Attorney Gary Matsko, Gibson's civil attorney, on August 28, 2014 subject to an agreement that Gibson's counsel would preserve the attorney-client privilege and client confidentiality related to G&B clients);

- Two disks containing all of Nancy Jones and Dawn Garrity's email folders (produced to Attorney Gary Matsko on September 9, 2014 subject to an agreement that Gibson's counsel would preserve the attorney-client privilege and client confidentiality related to G&B clients);

- Behman's non-privileged emails related in any way to G&B's finances;

- All of G&B's financial information including quickbooks, financial statements, tax returns and correspondence with Kesner;

- All of Gibson's travel related documents;

- G&B credit card statements;

- G&B bank statements; and

- Other miscellaneous documents related to G&B finances.

The civil litigation settled and Gibson's counsel retained the documents produced in

discovery.

## The Grand Jury Subpoenas

The government issued a grand jury subpoena to Behman, in connection with its

investigation of Gibson, for records relating to G&B's finance. *See* Grand Jury Subpoena dated

February 24, 2015, attached hereto as Exhibit A. Behman complied with this subpoena and

produced non-privileged documents produced in the civil litigation.

3

In May 2015, the government contacted undersigned counsel and indicated that Attorney Weinberg had made a request to preserve the G&B server. In response to this request, BH created a mirror image of the BH server that contained data from the G&B server. Thereafter, the government issued a grand jury subpoena to BH for documents related to the financial transactions of G&B and Gibson. *See* Grand Jury subpoena dated June 12, 2015, attached hereto as Exhibit B. The government did not issue a grand jury subpoena for the BH server.

Because Attorney Weinberg indicated that he intended on challenging the authenticity of documents produced, the government requested that it be allowed to mirror image the BH server in the event that authenticity of the produced documents became an issue at trial. BH initially denied that request because the BH server contained privileged communications and confidential client information involving G&B and BH clients as well as privileged communications between Behman, G&B and undersigned counsel.

To resolve this issue, the government and BH entered into an agreement to segregate documents maintained on the BH server that pertained to the financial matters related to the investigation from the documents that were not relevant to the investigation and may involve privileged communications. *See* Letter to William J. Lovett from Stephen P. Heymann dated June 24, 2015, attached hereto as Exhibit C. The agreement allowed the government to image the BH server but precluded the government from reviewing any documents on the server until the documents were reviewed by BH's counsel for privilege. The procedure was followed and additional documents responsive to the grand jury subpoena issued on June 12, 2015 were produced.

## Argument

### I.  The BH Sever Is Not In the Government's Possession

As a threshold matter, Gibson's Motion should be denied because the BH server is not in the government's possession and the government has no legal right to obtain documents on the

server. The government issued grand jury subpoenas to Behman and BH for specific documents related to G&B and Gibson's finances. Behman and BH complied with those subpoenas and produced non-privileged responsive documents.

When Gibson's counsel indicated that he intended to challenge the authenticity of certain documents, the government made a request to copy the BH server in order to authenticate the documents produced if necessary.

In the face of the request, Behman and BH were duty bound to preserve their clients' privileges and confidentiality. *See* Rule 1.6(a) Massachusetts Rules of Professional Conduct (Confidentiality of Information). Neither BH nor Behman had standing to waive client privileges and Behman explicitly asserted and did not waive his own attorney-client privilege. Instead, BH entered into a written agreement that precluded the government from accessing any documents on the BH server absent a privilege review by BH's counsel.[2]

The government is bound by this agreement and lacks the legal authority to access the BH server or turn the server over to defense counsel. *See United States v. Stein*, 488 F. Supp.2d 350, 364 (S.D. N.Y. 2007) (government did not have custody and control over privileged documents under a Deferred Prosecution Agreement requiring production of documents to the IRS upon request where the DPA contained a carve out for privileged materials); *United States v. Hughes*, 211 F.3d 676, 688 (1st Cir. 2000) (government has no duty to produce evidence outside of its control).

Even if the government has "possession" of the server, it still could not access information on the server without first conducting a privilege review. *See United States v. Stewart,* 2002 WL 1300059, at * 4 (S.D. N.Y. June 11, 2002) (examining proper procedure for review of privileged material seized from law office); USAM § 9-13.420 (Searches of Premises

---

[2] In fact, BH's counsel reminded the government of its obligation to abide by the terms of the agreement in the event that defense counsel made a request for the server. *See* Letter from William J. Lovett to Stephen Heymann dated July 16, 2015, attached hereto as Exhibit D.

of Subject Attorney). In conducting such a review, the government would be required to utilize a taint team, request that the Court appoint a special master or require BH to conduct a privilege review of the entire server. The government would then be required to determine what documents were material to the defense within the confines of Rule 16.

Simply put, the government has no legal right to access the BH server. The government did not issue a subpoena for the server, has not accessed any of the documents on the server and is bound by its agreement not to access any documents on the server unless those documents are first reviewed by BH's counsel.

**II.  The Specific Documents Gibson Seeks to Compel are Already in his Possession**

Gibson claims he is entitled to search the BH server for certain specific categories of documents that are "material" to his defense. As set forth below, the specific categories of documents requested by Gibson were either retained by Gibson when he left G&B or were produced to Gibson during the civil litigation. Thus his motion should be denied because the documents are already in his possession.

In particular, Gibson asserts that the following categories of documents are material to his defense:

| Documents Requested | Documents Produced |
| --- | --- |
| Electronic Communications of Gibson (Motion at ¶ 5d). | Gibson retained his G&B laptop containing his client documents and electronic communications when the firm dissolved.<br><br>A disk containing Gibson's G&B email folder with internal G&B emails was produced to Attorney Weinberg in July 2012.<br><br>A disk containing all of Gibson's G&B emails, including client communication was produced to Attorney Gary Matsko, Gibson's civil attorney, on August 28, 2014. |
| Emails from certain G&B employees (Nancy | Two disks containing all of Nancy Jones and |

| | |
|---|---|
| Jones, Dawn Garrity) establishing Gibson's involvement –or lack thereof – in the financial and tax reporting of the firm. (Motion at ¶ 5f) | Dawn Garrity's email folders were produced to Attorney Gary Matsko on September 9, 2014. |
| Behman's emails establishing Gibson's involvement – or lack thereof – in the financial and tax reporting of the firm. (Motion at ¶ 5f) | Behman's non-privileged emails, including but not limited to communications with Gibson, related in any way to G&B's finances were produced to Gibson and Kesner during civil discovery. |

In addition, Behman and G&B produced to both Gibson and Kesner all documents related to G&B's finances and tax reporting, including travel records, credit card receipts, bank records and documents related to expenditures booked to Gibson's loan account which he now apparently claims were appropriate business expenses. Accordingly, Gibson has no basis to compel production of documents that are already in his possession.

## II. Gibson Cannot Demonstrate That the General Categories of Documents He Seeks to Compel Are Material to His Defense

Gibson's right to compel discovery from the government originates from specific sources, including his right to exculpatory evidence that is material to guilt. *United States v. Bulger,* 928 F.Supp.2d 305, 323-324 (D. Mass. 2013), *citing, Brady v. Maryland*, 373 U.S. 83 (1963). The Rule 16 materiality standard tracks the *Brady* materiality rule. *Id.*

A defendant moving to compel under Rule 16 bears the burden of making a "prima facie" showing of materiality by demonstrating that the requested information has more than an abstract relationship to the issue presented and would have a significant effect on the defense. *Bulger,* 928 F.Supp.2d at 324. Gibson fails to meet this burden.

Other than the specific categories of documents that are already in Gibson's possession, Gibson claims that he is entitled to access the entire BH server to search the email folders of unidentified G&B employees to establish his involvement – or lack thereof - in the finances and tax reporting of the firm. Gibson fails to identify these employees or explain why these

unidentified employees would have information regarding his involvement in the firm's finances.[3] A search for this information was conducted by Behman's counsel during discovery and all non-privileged documents were produced. Gibson is not entitled to more.

Gibson also claims that he is entitled to unidentified G&B client files that would establish whether expenditures were appropriate business expenses. Gibson and Kesner are charged with a scheme to underreport the gross receipts of GB by writing off loans made to Gibson against the firm's professional fees. Gibson and Kesner are not charged with improperly deducting business expenses. Gibson cannot demonstrate how records reflecting whether expenditures were appropriate business expenses plausibly relate to the write-off of his loans against the firm's professional fees because the two concepts are entirely unrelated. Moreover, Gibson was provided with all of G&B's financial records during civil discovery including travel records (business and personal) and other expenses incurred by him during his tenure at G&B.

### IV. Gibson Is Not Entitled To Use Privileged Material In His Defense

Gibson is not entitled to use privileged and confidential information from his former clients to support his defense and cites no case that stands for this proposition. *See United States v. Nosal*, 2013 WL 1402336, at * 4 (N.D. CA April 5, 2013) (denying defendants request for a Rule 17(c) subpoena for privileged communications).

Further, Gibson's Proposed Protective Order makes no sense. The Order contemplates the government providing privileged and confidential client information which it cannot access to defense counsel. This production would act as a waiver of G&B and BH clients' privileges as well as Behman's privilege. The Proposed Protective Order would also lead to the absurd result where the government would not have access to documents that Gibson claims are in its possession and would only receive these documents if and when defense counsel chooses to

---

[3] Gibson does identify Alice Whitcomb as an employee who may have potentially relevant emails, but fails to explain why that is the case.

make those documents available. This approach is untenable; undermining the attorney client

privilege, BH's agreement with the government and the purpose of Rule 16.

## CONCLUSION

In sum, Gibson's request for the BH server is nothing but a fishing expedition. The

government has no legal right to access the server and much of what Gibson seeks to compel is

already in his possession. Accordingly, Gibson's motion should be denied with prejudice.

Dated: March 18, 2016

Respectfully submitted,

*/s/ William J. Lovett*
William J. Lovett (BBO No. 643525)
wlovett@collorallp.com
**COLLORA LLP**
100 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 371-1000

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Behman and Behman Hambleton LLP respectfully request
that the Court schedule oral argument to assist the Court in deciding the issues presented.

*/s/ William J. Lovett*
William J. Lovett

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on March 18,
2016.

*/s/ William J. Lovett*
William J. Lovett