UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | \| |
| | \| |
| v. | \| CRIMINAL No. 15-CR-10323-IT |
| | \| |
| DANIEL GIBSON, MARK KESNER, | \| |
| | \| |
| Defendants. | \| |

JOINT MEMORANDUM FOR SECOND INTERIM STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

(1)   The Status of Automatic Discovery and Pending Discovery Requests:

The government has produced the automatic discovery that it believes is required under the Local Rules and has made additional discovery available to defense counsel for inspection. Defendants Kesner and Gibson have both made letter requests for discovery to the government to which the government has responded.

Defendant Gibson has filed a Motion to Compel the Government to Provide Him With an Imaged Copy of the Gibson & Behman Server in which Defendant Kesner has joined. The Government has responded to the motion. Scott Behman and Behman Hambleton LLP have appeared and filed an opposition. Counsel for Scott Behman and Behman Hambleton LLP will attend the interim status conference, at which both the government and the defendants hope this matter can be resolved by the Court since it is presently a barrier to the current matter

proceeding.

Defendant Kesner has filed a motion to dismiss the indictment for prosecutorial vindictiveness and, in the alternative, for discovery which has been referred to this Court by the District Court. The government has responded. Defendant Gibson will be filing an unopposed motion for international travel to attend his son's wedding in August of 2016 in Sri Lanka which he will request the Court consider at the interim status conference.

(2)   The Timing of Any Additional Discovery to Be Produced:

The government will produce the remainder of discovery in accordance with the schedules established by Local Rules 116.1 and 116.2.

(3)   The Timing of Any Additional Discovery Requests:

At this time, the government does not anticipate making any discovery requests. At Defendant Gibson's request, the government created and provided him on January 14, 2016 with a Concordance load file of records previously produced to the Defendant during automatic discovery. After processing, the load file has facilitated his ongoing initial review of the discovery provided under Local Rule 116 which the parties agree is broad and extensive. Defendants request that the time for filing additional discovery requests be continued for 60 days from the interim status conference

(4)   Protective Orders:

The parties believe a protective order likely will need to be entered to facilitate access to records contained on the Gibson and Behman server. Defendant Gibson submitted a proposed order with his motion to compel access to the server. The government believes it is a starting point, but will need to be modified to conform to the Court's ultimate resolution of the motion.

Scott Behman and Behman Hambelton have objected to the proposed order as inadequate.

(5)  The Timing of Any Pretrial Motions Under Fed. R. Crim. P. 12(b):

The parties agree with the schedule for Rule 12(b) motions set forth in the Initial Scheduling Order (Doc. No. 19), which requires such motions to be filed on or before the Final Status Conference.

(6)  Expert witness discovery:

While the government does not believe that e-mails and documents obtained in a straight-forward manner from a computer require expert testimony to authenticate, in an abundance of caution, the government provides the following notice. The government anticipates offering testimony in the areas of computer forensics and records created and stored by computers if stipulations on the authenticity of e-mails and other electronically stored records stored on Gibson and Behman's and Kesner, Godes and Morrissey's computer servers cannot be reached. The defendants request discovery concerning expert witnesses. The parties disagree on what dates should be established for expert disclosure and whether the dates should be the same for both parties.

(7)  Excludable delay:

The parties ask the Court to exclude the time from the date of the second interim Status Conference to the next interim status conference under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for the parties to review discovery, investigate possible defenses, and evaluate the need for pre-trial motions. The ends of justice served by this exclusion would outweigh the best interest of the public and the defendants in a speedy trial.

(8)     Interim Status Conference:

The parties ask the Court to schedule an interim status conference in 60 days.

(9)     Trial likelihood and length:

The parties anticipate that there will be a trial – and, if the defendants motion for separate trials is allowed – multiple trials and that each trial will take approximately two weeks, but it will likely take longer if the parties are unable to work out trial stipulations and if either defendant puts on any witnesses in his defense.

                    Respectfully submitted,

                    CARMEN M. ORTIZ
                    United States Attorney

By:   */s/ Stephen Heymann*
       Stephen Heymann
       Assistant U.S. Attorney

       */s/ Joshua Solomon    by sh*
       Joshua Solomon
       Counsel for Defendant Mark Kesner

       */s/ Martin Weinberg   by sh*
       Martin Weinberg
       Counsel for Defendant Daniel Gibson

Dated: April 5, 2016

Certificate of Service

The undersigned certifies that a copy of this Joint Memorandum has been served on all counsel of record through the electronic case filing system.

                    */s/ Stephen Heymann*
                    Stephen Heymann