UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 1:15-cr-10323 |
| (1) DANIEL P. GIBSON, and<br>(2) MARK KESNER<br>         Defendants | ) ) ) ) | |

**SCOTT BEHMAN AND BEHMAN HAMBLETON LLP'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT DANIEL P. GIBSON'S MOTION TO COMPEL THE GOVERNMENT TO PROVIDE HIM WITH <u>AN IMAGED COPY OF THE GIBSON & BEHMAN SERVER</u>**

Third parties Scott Behman ("Behman") and Behman Hambleton LLP ("BH") submit this supplemental memorandum in support of their opposition to Defendant Daniel P. Gibson's ("Gibson") Motion to Compel the Government to Provide Him with an Imaged Copy of the Gibson & Behman ("G&B") Server. Through his motion, Gibson seeks, among other things, unfettered access to confidential client information and privileged communications relating to G&B's former clients to assist in the preparation of his defense to charged conduct – filing false tax returns and conspiring to defraud the United States.[1] Gibson's request should be denied because the unauthorized disclosure of confidential client information is prohibited by the Massachusetts Rules of Professional Conduct and does not fall under any of the applicable exceptions to those rules permitting disclosure of client communications or confidential client information.  Further, G&B's former clients have not waived their attorney-client privilege with respect to communications with the firm.  Finally, the proper procedural mechanism for compelling BH to produce records is the issuance of a subpoena pursuant to Fed. R. Civ. P 17(c) which Gibson has not requested.  For these reasons, Gibson's motion should be denied.

---

[1] Gibson's counsel has indicated that he is not seeking access to BH client files or privileged communications between Behman, G&B and undersigned counsel.

1

**I.     Gibson Is Not Entitled To Use Information Contained in Client Files In Defense of the Tax Charges**

Mass. R. Prof. C. 1.6(c) states that a lawyer shall make reasonable efforts to prevent the unauthorized disclosure of or unauthorized access to, confidential client information. Similarly, Mass. R. Prof. C. 1.6(a) prohibits a lawyer from revealing confidential information related to the representation of a client unless the client gives informed consent or the disclosure is permitted by one of the exceptions outlined in Mass. R. Prof. C. 1.6(b).

The attorney-client privilege is closely related to the ethical duty of confidentiality. The ethical duty to maintain client confidentiality is extremely broad and protects from disclosure all information relating to the representation and applies at all times. The attorney-client privilege is more limited: it protects from compelled disclosure the substance of a lawyer-client communication made for the purpose of obtaining or imparting legal advice or assistance. *See* Rule 1.6, cmt. [3]; *Restatement (Third) of the Law Governing Lawyers* §§ 68-86 (2000). *See In re Grand Jury Investigation*, 902 N.E.2d 929 (Mass. 2009) (although lawyer's disclosure of client's threat to harm judge was permitted by Rule 1.6, communication remained privileged and lawyer could not be compelled to testify about it at subsequent criminal proceeding).

It is well-settled that the attorney-client privilege belongs to the client, not the attorney, and as such can only be waived by the client. Moreover, a lawyer may not disclose confidential client information absent the informed consent of the client. Accordingly, G&B's former clients hold the privilege and only those clients can waive their privilege or provide informed consent to disclose information related to representation by G&B.

Gibson has not requested that his former clients waive the attorney-client privilege or consent to the disclosure of confidential information and no former client has authorized the firm to disclose confidential information or waived their attorney-client privilege. As such, providing

Gibson unfettered access to the server containing privileged and confidential information violates the Rules of Professional Conduct and destroy the clients' attorney-client privilege.

While well-established, the attorney-client privilege is not absolute and there are narrowly constructed exceptions to an attorney's duty to guard client confidences. *Siedle v. Putnam Investments*, 147 F.3d 7, 11 (1st Cir. 1998). Notably, Mass. R. Prof. C. 1.6(b)(5) provides that a lawyer *may* reveal confidential information relating to the representation of a client to the extent the lawyer reasonably believes necessary to: 1) establish a claim or defense on behalf of the lawyer *in a controversy between the lawyer and the client*; 2) to establish a defense to a criminal charge or civil claim against the lawyer *based upon conduct in which the client was involved*, or 3) to respond to allegations in any *proceeding concerning the lawyer's representation of the client* (emphasis added). None of these exceptions apply here.

Gibson is charged with filing a false tax return and conspiracy to defraud the IRS by writing off shareholder loans against the firm's gross receipts. These charges do not relate to a controversy between Gibson and a former client, are not based upon conduct in which any G&B client was involved and are and do not involve Gibson's representation of G&B's clients. In short, the charged conduct is not in any way related to Gibson's representation of G&B clients and the Massachusetts Rules of Professional Conduct therefore prohibit Gibson from using confidential client information in the defense of this case.

## II. A Rule 17 Subpoena Is The Proper Mechanism for Gibson To Obtain Documents Material To His Defense

The proper mechanism for Gibson to obtain documents from BH is through a subpoena issued pursuant to Fed. R. Crim. P. 17(c). Under Rule 17(c), Gibson is entitled documents that are evidentiary and relevant; 2) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; 3) that he cannot properly prepare for trial without

such production and inspection in advance of trial; and 4) the application is made in good faith and is not intended as a general fishing expedition. *United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988). Gibson's current request for the entire server is overly broad, is not limited in time and does not specify what documents he seeks or why those documents are relevant to his defense and does not meet the Rule 17(c) standard.

If and when a Rule 17(c) subpoena is issued, BH can respond to the subpoena and produce any non-privileged responsive documents. This is precisely the process contemplated by the Federal Rules of Criminal Procedure to allow Gibson to compel the production of documents relevant to his defense.

Alternatively, Gibson could agree to the same protocol agreed to by the government to obtain documents from the server. Gibson could propose search terms, the government could run those search terms against the server; produce the documents to BH for a privilege review and only non-privileged documents would be produced to Gibson.[2] This process is the best method to protect the attorney-client privilege and client confidentiality while allowing Gibson to obtain documents to prepare his defense.

## **CONCLUSION**

In sum, Gibson's request for the entire BH server is overly broad and should be denied. Gibson is not entitled to use attorney-client communications and confidential client information in defense of this case and is precluded from doing so under the Massachusetts Rules of Professional Conduct. The government has no legal right to access the server and does not have custody and control over the documents located on the server. Accordingly, Gibson's motion should be denied with prejudice.

---

[2] This approach was proposed by undersigned counsel and was rejected by Gibson's counsel.

Dated: April 14, 2016

                          Respectfully submitted,

                          */s/ William J. Lovett*
                          William J. Lovett (BBO No. 643525)
                          wlovett@collorallp.com
                          **COLLORA LLP**
                          100 High Street, 20th Floor
                          Boston, Massachusetts 02110
                          (617) 371-1000

## **REQUEST FOR ORAL ARGUMENT**

        Pursuant to Local Rule 7.1(d), Behman and Behman Hambleton LLP respectfully request that the Court schedule oral argument to assist the Court in deciding the issues presented.

                          */s/ William J. Lovett*
                          William J. Lovett

## **CERTIFICATE OF SERVICE**

        I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2016.

                          */s/ William J. Lovett*
                          William J. Lovett