UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:15-cr-10323 |
| | ) | |
| (1) DANIEL P. GIBSON, and | ) | |
| (2) MARK KESNER | ) | |
| Defendants | ) | |
| | ) | |

**SCOTT BEHMAN AND BEHMAN HAMBLETON LLP'S OPPOSITION
TO JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROPOSED ORDER REGARDING DISCOVERY**

Scott Behman ("Behman") and Behman Hambleton LLP ("B&H") oppose the Joint Motion for Entry of a Protective Order filed by the Government and the Defendants. (dkt# 67).

Defendants Daniel P. Gibson ("Gibson"), an attorney indefinitely suspended from the practice of law, and his accountant, Mark Kesner ("Kesner") seek access to the contents of the client files FROM Gibson's former law firm to defend against charges they participated in a conspiracy to evade over $800,000 in federal taxes by writing off Gibson's shareholder loans against the law firm's gross receipts. The Defendants have not articulated how or why these privileged and confidential client documents are material to their defense. Moreover, notwithstanding the Government's agreement with B&H that it would not access these documents and information contained on the B&H server without first providing the documents to B&H's counsel for a privilege review, it joins the Defendant's motion and seeks equal access to the privileged documents.

Pursuant to the proposed order, the Defendants, their legal teams and any other parties assisting in the prosecution and defense of this matter, including potential witnesses, could be

1

shown the privileged materials, with the only restriction being that the privileged materials could not be placed in the public record without first providing B&H the opportunity to object.

Behman and B&H object to the Joint Motion for a Protective Order and propose an alternative order that balances the preservation of the client's attorney-client privilege while fulfilling both the Government's discovery obligations and the Defendants' right to obtain documents relevant to their defense.

## Argument

On April 21, 2016, the Court ordered the parties to work together and propose categories of information to be produced from the law firm server. (dkt.# 65). The proposed protective order ignores the Court's order and instead seeks wholesale access to privileged materials with the only restriction being that the materials cannot be placed in the public record without first providing B&H an opportunity to object.[1]

The Court should deny the parties' joint motion for entry of a protective order for two reasons; the order would provide the parties unfettered and unlimited access to privileged communications regardless of relevancy, and the proposed order does not maintain client confidentiality or the attorney client privilege, which can only be waived by the law firm's clients.

**I.     The Proposed Protective Order Fails to Preserve Client Confidentiality or the Attorney Client Privilege**

The proposed protective order does nothing to protect the attorney client privilege or confidential client information belonging to the law firm's clients who have nothing to do with the conduct alleged in this case. Instead of proposing categories of information to be disclosed,

---

[1] After the April 21, 2016 hearing, the Government provided the parties with a document containing the file structure of the B&H server that it copied. That document revealed that the Government did not mirror image the portion of the server containing emails. Thus the only information in the Government's possession are documents, software and other items that were on the portion of server mirror imaged by the Government.

as ordered by the Court, the parties' proposed order contemplates the "production … of imaged copies of [the law firm's] server" to each party, who may then disclose any of the server's materials to any person assisting the parties or their counsel (including potential witnesses or experts and Court personnel) and make copies or reproductions of the server's materials as necessary to assist in the prosecution or defense. *See* Proposed Protective Order (dkt. #67-1) at ¶¶ 1, 3, 4.

"The general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production thorough a subpoena or court order." *In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. 849, 853 (D. Mass. 1995) (Saris, J.) (quotations and citation omitted). The parties have made no effort to meet this burden or identify categories of information with a plausible relationship to this case. For this reason alone, the parties' request should be denied.

## II.     The Proposed Order Fails to Protect Confidential Client Information and Attorney Client Communications

The proposed order is also contrary to the strongly rooted common law protection of the attorney-client privilege.  The parties' motion, permitting an objection only before the materials are placed on the public record, misapprehends the confidentiality attendant in the attorney-client relationship and wrongly assumes that "confidentiality" is preserved so long as the materials are not placed in the public record. *See* Proposed Protective Order (dkt. #67-1) at ¶ 6. This assumption is wrong as a matter of law.

Under First Circuit precedent, disclosure of privileged materials to a third party waives the privilege by destroying the confidentiality upon which the privilege rested, thus a provision that prevents the privileged materials from being placed in the public record is not sufficient to

preserve the privilege. *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003) (disclosure of privileged information to a third party destroys confidentiality and "privilege evaporates the moment that confidentiality ceases to exist").

Once the privileged materials are disclosed to third parties, including prospective witnesses and anyone else that the parties deem necessary for the prosecution or defense of this matter, B&H and law firm clients whose materials are on that server will face an insurmountable burden of establishing that the privilege and confidentiality has not been waived in the face of the disclosures to unidentified persons and the parties' claims to the contrary.[2]

Indeed after the April 21, 2016 hearing, undersigned counsel sought an opinion from the Massachusetts Bar Association Committee on Professional Ethics regarding disclosure of attorney client communications and confidential client information in this context. That opinion advised B&H to object to the wholesale production of clients' records because "[p]roducing all the records of the [ ] law firm would put the confidentiality of numerous client records in jeopardy, and it seems unlikely that Attorney [ ] needs access to all the records to defend against the criminal charges." MBA Committee on Professional Ethics Advisory Opinion, attached hereto as Exhibit A.

Here, the parties have not demonstrated a need for *the entire* law firm server and their request would violate clients' attorney-client privilege by permitting the parties to reveal and/or reproduce the materials as the parties found necessary in prosecuting or defending this case. Accordingly, the parties' joint motion should be denied.

---

[2] The parties cite to evidentiary Rule 502(d) as authority that the Court can order no waiver despite the disclosure. Proposed Protective Order (dkt. #67-1) at ¶ 7. The advisory committee notes, however, explain that Rule 502(d) relates to enforcing clawback provisions, not a license to expand common law principles on the scope of the privilege. While principles of comity and courtesy may support other courts abiding by this Court's order that no waiver occurred, it is not "absolute, and courts asked to issue discovery orders in litigation pending before them also have not shied away from doing so, even when it would modify or circumvent a discovery order by another court, if under the circumstances, such a result was considered justified." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 499-500 (D. Md. 2000).

### III. The Court Should Enter an Order Requiring the Government to Constitute a Taint Team to Review the Server's Contents in Order to Comply with Its Rule 16 Obligations

In light of the Court's ruling that the Government is possession of the law firm server, the Court should enter an order requiring the Government taint team to review the materials on the server for privilege. The use of a taint team is the preferred method for the Government to review privileged materials to comply with its Rule 16 discovery obligations and preserve the attorney-client privilege held by the law firm's clients. *United States v. Stewart*, 2002 WL 1300059 (S.D.N.Y. June 11, 2002) (considering whether materials likely to contain privileged materials, including a law firm hard drive, should undergo a usual taint team review or be performed by a Special Master). In the event that the taint team identifies any relevant documents on the law firm server it shall either produce the materials to the parties forthwith or, if the relevant material may be privileged or confidential, provide the materials to counsel for B&H to allow for the appropriate objections to be lodged.

### Conclusion

For the foregoing reasons, and the reasons set forth in earlier objections to this request (dkts. #48 & #63), Behman objects to the Court granting the Joint Motion For Entry of Protective Order and requests that the Court enter the proposed order, attached hereto as Exhibit B, requiring a Government taint team to review the server's contents in order to comply with its Rule 16 discovery obligations.

Dated: May 23, 2016

                                       Respectfully submitted,

                                       */s/ William J. Lovett*
                                       William J. Lovett (BBO No. 643525)
                                       wlovett@collorallp.com
                                       **COLLORA LLP**
                                       100 High Street, 20th Floor
                                       Boston, Massachusetts 02110
                                       (617) 371-1000

## REQUEST FOR ORAL ARGUMENT

       Pursuant to Local Rule 7.1(d), Behman and Behman Hambleton LLP respectfully request that the Court schedule oral argument to assist the Court in deciding the issues presented.

                                       */s/ William J. Lovett*
                                       William J. Lovett

## CERTIFICATE OF SERVICE

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 23, 2016.

                                         */s/ William J. Lovett*
                                       William J. Lovett