# Exhibit A

## Baldwin, Melissa

---

**From:** Dacey, Timothy J. [mailto:TDacey@GOULSTONSTORRS.com]
**Sent:** Friday, May 06, 2016 4:36 PM
**To:** Ryan, III Edward P.
**Subject:** MBA Ethics: Emergency Ethics Inquiry 2016-T15EA

Dear Mr. Ryan-

Thank you for clarifying your role. The MBA Committee on Professional Ethics is authorized to give advice to guide your client, Attorney B, in his future conduct.

We assume for purposes of this advice that, when Attorney A was suspended five years ago, clients were notified that Attorney A was disqualified from acting as a lawyer, as required by Rule 4:01. We also assume that the files have remained in Attorney B's custody since Attorney A's suspension and that Attorney A has not had regular access to the files since his suspension.

As a general matter, an attorney has an obligation not to reveal confidential information unless the client gives informed consent. Rule 1.6(a), Mass.R.Prof.C. An attorney also has an obligation to take reasonable safeguards to prevent the unauthorized disclosure of confidential client information. Rule 1.6(c). In this context, "confidential information" means information, from whatever source, that relates to the representation of a client and that is "(a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the lawyer agreed to keep confidential." Rule 1.6, Comment [3A]. Both the duty not to reveal confidential information and the duty to prevent unauthorized disclosure continue after the termination of the attorney-client relationship. See Rule 1.6, Comment [20] and Rule 1.9(c).

Rule 1.6(b)(6) recognizes that a lawyer may sometimes be required to disclose confidential information in order to comply with a court order. However, the Comment to Rule 1.6 counsels:

> Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the confidential information sought is protected against disclosure by the attorney-client privilege or other applicable law. In the event of an adverse ruling, the lawyer must consult with the client about the possibility of an appeal to the extent required by Rule 1.4. Rule 1.6, Comment [15].

See also ABA Formal Ethics Opinion 94-385 (lawyer receiving subpoena for client records should seek to limit the scope of the information produced on any legitimate grounds to protect confidentiality). You should also be aware that, while there may be some exceptions, a lawyer normally should notify a client before disclosing confidential information about the representation of the client without the client's consent. See Rule 1.6, Comment [17A].

Applying these principles, there may be records on the firm's server that do not contain confidential client information, such as the firm's financial statements or tax returns. The Rules of Professional Conduct do not require Attorney B to object to production of such non-confidential records. Attorney B should, however, object to production of the contents of the entire server to Attorney A. Producing all the records of the AB law firm would put the confidentiality of numerous client records in jeopardy, and it seems unlikely that Attorney A needs access to all the records to defend against the criminal charges.

Assuming that Attorney A seeks access to the records relating to specific client matters, Attorney B should attempt to contact the client to determine whether the client objects to production of the records. Unless and until the client directs otherwise, Attorney B should assert that any confidential information in the files is protected from disclosure on

1

the basis of the attorney-client privilege or any other legitimate grounds. Assuming that the objections are overruled, Attorney B should notify the client and preserve whatever appellate rights the client may have.

It is possible that Attorney A may be able to demonstrate that he is entitled to access to some client confidential information pursuant to Rule 1.6(b)(5), which permits an attorney to reveal confidential information to establish a defense to a criminal charge based on conduct in which the client was involved. We believe, however, that the better course for Attorney B is to assert all non-frivolous claims that the documents are protected from disclosure and let the Court decide whether and to what extent Attorney A should be given access to the files.

You also ask about the obligations of Attorney A. Unfortunately, under the Rules of the Committee, we cannot answer that question. You may, however, wish to consult *Restatement (Third) of Agency,* Section 8.05(2) and *comment c* relating to an agent's continuing duty of confidentiality.

Very truly yours,

*Timothy J. Dacey*

Vice-Chair, MBA Committee on Professional Ethics

*This advice is that of a committee without official governmental status.*

---

**From:** Ryan, III Edward P. [mailto:eryan@collorallp.com]
**Sent:** Friday, April 29, 2016 6:09 PM
**To:** Dacey, Timothy J.
**Subject:** RE: MBA Ethcis: Emergency Ethics Inquiry 2016-T15EA

Good afternoon Mr. Dacey,

Thank you for responding to my inquiry. I apologize for the tardiness of this follow up as well as the lack of clarity in my original request. Below is a revised inquiry that I am hopeful will clarify the issues raised in your response, including my firm's role in the matter, and which will permit a response permitted under the Rules of the Committee on Professional Ethics. Please let me know if there is any additional information or clarification needed. Thank you for your additional consideration in this matter. –Ed Ryan

**\*\*FOR EMERGENCY CONSIDERATION – REVISED ETHICAL INQUIRY\*\***

**Attorney A and Attorney B were partners in the AB Law Firm. Attorney A was indefinitely suspended from the practice of law for ethical violations in 2011 and remains so to date. In late 2011, AB Law Firm was dissolved. In late 2015, Attorney A was indicted in federal court for filing a false tax return and conspiracy to defraud the United States (the "Criminal Proceeding"). The charges in the criminal proceeding do not relate to matters or conduct between Attorney A and any of his former clients from AB Law Firm as contemplated by Mass. R. Prof. C. 1.6(b)(5); rather, the criminal proceeding relates to non-client business matters within the now dissolved AB Law Firm.**

**My firm currently represents Attorney B. Attorney B received a grand jury subpoena in connection with the government's investigation of Attorney A. Attorney A's counsel informed the government that he intended to challenge the authenticity of documents produced by Attorney B pursuant to the grand jury subpoena. To facilitate the production of documents to the government and preserve electronic versions of those documents, Attorney B allowed the government to make a mirror image of AB Law Firm's server pursuant to an agreement with the government whereby the government cannot access any documents from the server without first allowing Attorney B's counsel to review the documents.**

2

Attorney A has now moved to compel the government to produce the entire server that contains attorney-client communications and confidential client information. Attorney A is seeking access to confidential information of his former clients at AB Law Firm, which Attorney A intends to disclose and use in the course of defending himself in the non-client related criminal proceeding. Can my client, Attorney B, permit Attorney A to access and disclose confidential client information from AB law firm without violating the Massachusetts Rules of Professional Conduct? If so, what is Attorney B required to do in order to comply with the Rules of Professional Conduct?

In general, is an attorney who has been indefinitely suspended from the practice of law still subject to the Rules of Professional Conduct (i.e., Rule 1.9 – Duties to Former Clients) with respect to clients the attorney represented while he was duly admitted to practice? If so, what remedies (civil, criminal, administrative, or otherwise) are available against a indefinitely suspended/disbarred attorney that violates his confidentiality obligations to former clients?

Edward P. Ryan III

COLLORA LLP

100 High Street
Boston, MA 02110-2321

617 371 1000 main
617 371 1037 fax
collorallp.com

STATEMENT OF CONFIDENTIALITY: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify Collora, LLP immediately at either (617) 371-1041 or at info@collorallp.com. Do not copy, distribute or use the contents and destroy all copies of this message and any attachments.

Any federal tax advice included in this communication (including attachments) is not intended or written to be used, and it cannot be used, for the purpose of (i) avoiding the imposition of federal tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.