# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>(1) DANIEL P. GIBSON, and              )<br>(2) MARK KESNER                         )<br>          Defendants                         )<br>                                                    ) | Criminal No. 1:15-cr-10323 |

**[PROPOSED] ORDER**

The Court hereby **ORDERS** as follows:

1. This Court, having heard the objections and concerns of Daniel P. Gibson and Mark Kesner (collectively "the Defendants"), the Government, and Behman Hambelton, orders that a government taint team review the contents of the server obtained from Behman Hambelton LLP ("the Server") that was the subject of motions to compel (dkts. # 42 & 43) for relevance and privilege.

2. Any non-privileged, relevant material contained on the Server shall be produced forthwith to the Government and the Defendants.

3. If the taint team identifies relevant material which may contain confidential or privileged information it shall notify the parties, including Behman Hambelton LLP, and provide Behman Hambelton LLP with the relevant material to allow Behman Hambelton LLP to notify the affected client and object to any disclosure.

1

4. If, after receiving notice, Behman Hambelton LLP declines to make an objection or its asserted objections are overruled by the Court, then the materials shall be produced forthwith to the Government and the Defendants.

5. Materials taken from the Server may be used solely in the prosecution and defense of the above-captioned matter, and for no other purpose and in connection with no other proceeding.

6. The Government and Defendants shall not disclose any materials taken from the Server pursuant to this Order to any person except the parties, those assisting the parties and their counsel in the prosecution of this matter, persons who are interviewed as potential witnesses, potential experts, or Court personnel, and then only during the course of the prosecution and defense of this case.

7. All individuals to whom information taken from the Server is to be disclosed, except for outside counsel, shall be informed of the existence of this Protective Order and shall be provided a copy. These individuals shall agree to be bound by its terms and shall be instructed that the information may not be used other than in connection with this matter and may not be disclosed to anyone other than those contemplated by this Protective Order prior to disclosure of the information taken from the Server.

8. Materials taken from the Server shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the prosecution or defense, and all such copies and reproductions will be treated in the same manner as the original matter.

9. Nothing contained in this Order will preclude any party from applying to the Court for further relief or modification of any provision thereof.

Dated: May __, 2016

                                    **BY THE COURT:**

                                    _____
                                    Donald L. Cabell
                                    United States Magistrate Judge