UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | \| |
| | \| |
| v. | \|   CRIMINAL No. 15-CR-10323-IT |
| | \| |
| DANIEL GIBSON, MARK KESNER, | \| |
| | \| |
| Defendants. | \| |

JOINT MEMORANDUM FOR THIRD INTERIM STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

(1)   The Status of Automatic Discovery and Pending Discovery Requests:

During a hearing on April 21, 2016, the Court directed the parties to prepare a proposed protective order to cover materials not previously produced from an imaged copy of a computer server ("the server image") obtained from the law firm of Behman Hambelton by the government during the course of its investigation of this case. The government and the defendants conferred and agreed upon a form of protective order for this purpose, which was submitted to the Court on May 19, 2016.  [Docket # 67]  Behman Hambelton and Scott Behmann renewed their objection to the procedure directed by the Court at the April 21 hearing and objected to the protective order in a filing shortly thereafter. [Docket # 68].  The Court also directed the parties to meet in an attempt to agree on what files on the Server that is in the Government's possession were not required by the defendants.  The parties met and agreed to exempt certain files from the

electronic discovery that the Government is intending to produce.

The government provided an expanded directory of the server image to Mr. Gibson and Mr. Kesner, who reviewed it and provided the government with a list of files and folders to which they were not seeking access. The government then created three large folders.

The first contains all files on the server to which they are seeking access created prior to March 9, 2011. Attorney William Lovett and the law firm of Collora LLP were retained by Scott Behman and the Gibson Behman law firm on that date in a civil suit against Mr. Gibson. Files created after that date may be subject to a separate attorney/client or work product privilege between Collora LLP and Scott Behman or Behman Hambelton, a successor law firm.

The second contains all files on the server image created between March 9, 2011 and June 11, 2011 to which Mr. Gibson and Mr. Kesner are seeking access, minus any files which contained one of a list of identifiers which Mr. Lovett provided which increased the likelihood that the files would be subject to one of these additional privileges.

The third contains all of the files on the imaged server created between March 9, 2011 and June 11, 2011 which were segregated because they contained one of the list of identifiers provided by Mr. Lovett. Mr. Gibson and Mr. Kesner are not seeking any files on the server image created after June 11, 2011.

Each of these folders has been separately encrypted. As a result, depending on how the Court rules at the next interim status conference hearing, the government can provide all or part of the server to the defendants and Mr. Lovett to review immediately after the hearing. The government has prepared drives containing all three folders for defendants and Mr. Lovett and will bring them to the hearing.

During the preparation and review of the expanded server directory, it became apparent that the image which the government made of the Gibson and Behman computer server did not include e-mail files sought by Mssrs. Gibson and Kesner. Mr. Lovett has confirmed that these files have been preserved by his clients and law firm and will remain so during the pendency of all litigation of this matter.

Defendant Kesner has filed a motion to dismiss the indictment for prosecutorial vindictiveness and, in the alternative, for discovery which has been referred to this Court by the District Court. This motion has been briefed, argued and is pending before the Court.

(2)     The Timing of Any Additional Discovery to Be Produced:

The government will produce the remainder of discovery in accordance with the schedules established by Local Rules 116.1 and 116.2.

(3)     The Timing of Any Additional Discovery Requests:

The defendants request that a schedule for any additional discovery requests be deferred until 60 days after their receipt of the electronic materials contained on the server image. The government does not object to this request.

(4)     Protective Orders:

The parties have jointly submitted a proposed protective order to facilitate discovery in this case. Scott Behman and Behman Hambelton have objected to the proposed order.

(5)     The Timing of Any Pretrial Motions Under Fed. R. Crim. P. 12(b):

The parties agree with the schedule for Rule 12(b) motions set forth in the Initial Scheduling Order (Doc. No. 19), which requires such motions to be filed on or before the Final Status Conference.

(6)     Expert witness discovery:

While the government does not believe that e-mails and documents obtained in a straight-forward manner from a computer require expert testimony to authenticate, in an abundance of caution, the government provides the following notice.  The government anticipates offering testimony in the areas of computer forensics and records created and stored by computers if stipulations on the authenticity of e-mails and other electronically stored records stored on Gibson and Behman's and Kesner, Godes and Morrissey's computer servers cannot be reached.  The defendants request discovery concerning expert witnesses.  The parties disagree on what dates should be established for expert disclosure and whether the dates should be the same for both parties.

(7)     Excludable delay:

The parties ask the Court to exclude the time from the date of the second interim Status Conference to the next interim status conference under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for the parties to review discovery, investigate possible defenses, and evaluate the need for pre-trial motions.  The ends of justice served by this exclusion would outweigh the best interest of the public and the defendants in a speedy trial.

(8)     Interim Status Conference:

The parties ask the Court to schedule an interim status conference in 60 days.

(9)     Trial likelihood and length:

The parties anticipate that there will be a trial – and, if the defendants motion for separate trials is allowed – multiple trials and that each trial will take approximately two weeks, but it will likely take longer if the parties are unable to work out trial stipulations and if either defendant

puts on any witnesses in his defense.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

By:    */s/ Stephen Heymann*
        Stephen Heymann
        Assistant U.S. Attorney

        */s/ Joshua Solomon    by sh*
        Joshua Solomon
        Counsel for Defendant Mark Kesner

        */s/ Martin Weinberg   by sh*
        Martin Weinberg
        Counsel for Defendant Daniel Gibson

Dated: June 3, 2016

<u>Certificate of Service</u>

The undersigned certifies that a copy of this Joint Memorandum has been served on all counsel of record through the electronic case filing system.

                              */s/ Stephen Heymann*
                              Stephen Heymann