UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>DANIEL GIBSON and MARK KESNER,<br><br>     Defendants. | Criminal Action No. 15-cv-10323-IT |

**ORDER ON DEFENDANT DANIEL GIBSON'S MOTION TO COMPEL,
DEFENDANT MARK KESNER'S MOTION TO COMPEL, AND THE
JOINT MOTION FOR A PROTECTIVE ORDER**
**(Dkt. Nos. 42, 43 and 67)**

CABELL, U.S.M.J.

**Relevant Background**

The government during the underlying investigation of this case served a grand jury subpoena on a non-party law firm, Behman Hambelton, LLP (BH), for certain records relating to defendant Daniel Gibson and his former law firm, Gibson & Behman, P.C. (GB). Most of the records sought, if extant, would be on a computer server BH used to backup business records, but they would be mixed in among non-responsive materials as well as potentially responsive but privileged materials. Because it would be too burdensome for BH to review every item individually to isolate and produce just the responsive material, BH voluntarily provided the government with a copy of the server, subject to an agreed upon protocol.

Under that protocol the government made two complete images of the server, one of which it put aside and the other it used as a working copy.[1] The government then used search terms to

---

[1] As it turns out, the government inadvertently failed to image most of the emails on the server. Those documents are

search the working copy in order to identify and separate files containing responsive material from files containing privileged or non-responsive material. The government agreed to provide BH's counsel with a list of the putatively responsive files (without looking at the content) so that BH could confirm that they were responsive and not privileged. BH would then pare the list to exclude privileged and non-responsive material, and a new disc would be made of just responsive and non-privileged material. Lastly, the government would leave the working copy of the server with BH, but would retain the first copy it had made and set aside. Thus, as contemplated, the protocol allowed BH to respond fully to the grand jury subpoena without disclosing non-responsive or privileged material, and notably gave BH ultimate control over determining whether material was responsive or privileged.

The protocol failed, however, to address how to proceed if the grand jury were to return an indictment and defense counsel was to thereafter request a copy of the server in discovery. BH asked that any such request be subject to the same protocol but no formal understanding appears to have been reached on that point.

As fate would have it, the grand jury did indict, and the defendants did move to compel production of the server. (Dkt. Nos. 42-43). Broadly speaking, and incorporating (and perhaps somewhat over simplifying) the written and oral arguments and concerns articulated by the parties and BH's counsel in court submissions as well as at status conferences and hearings, the government opposes the motion to compel on the ground that it only possesses for discovery purposes the responsive files it had access to under its protocol agreement with BH and has already produced, that is, the pertinent, non-privileged material sought by the grand jury subpoena. The government is nonetheless prepared to produce a copy of the server subject to the parties' proposed

---

thus outside the scope of the present motions.

protective order. (Dkt. No. 67). The defendants argue that the government possesses the entire imaged server for purposes of its discovery obligations, and that their constitutional right to obtain discovery outweighs BH's interest in protecting privileged materials from disclosure. That being said, the defendants are prepared to accept limitations on their access to and use of certain material, including in particular privileged material, via the proposed protection order. Finally, BH, although not a party to this action, formally opposed the motions to compel, and argues that no material should be disclosed to the defendants, privileged or otherwise, unless and until it first has an opportunity to review pertinent, privileged material identified by a government taint team and, if appropriate, seek leave of court to litigate the propriety of its disclosure.

### **The Court's Rulings on the Motions**

Against this backdrop, the Court finds and rules as follows. First, the Court finds that the entire portion of computer server the government imaged is in its custody, possession or control for discovery purposes. Even accepting that the spirit of the protocol agreement between BH and the government contemplated that the government would ultimately make use of only a portion of the files on the server, BH provided the server to the government voluntarily, *i.e.,* outside the scope of the grand jury subpoena, and the government was permitted under the protocol agreement to access the entire server and to retain a copy of the server going forward. No party has provided any persuasive authority holding that a protocol agreement such as the one used here can render material which is indisputably physically held and controlled by the government as somehow outside of its custody, possession or control for purposes of its discovery obligations. The Court thus allows the motion to compel, in part; the government must produce any information on the server consistent with the government's statutory and constitutional discovery obligations.

As noted above, the government is prepared to produce the entire server subject to the

parties' proposed protective order, in order to expedite and ensure a fulsome disclosure of responsive material. Having reviewed the protective order, and having suggested a tweak of its own to it, the Court endorses the use of the proposed protective order as the best way to permit discovery to resume *and* to address BH's interest in having some due process protections with respect to the potential use or disclosure of privileged material. Among its chief provisions, the proposed protective order prohibits either party from making use of any material that might arguably be privileged without first providing notice to BH and giving BH the opportunity to seek court protection regarding its use. The proposed protective order additionally requires the defendants to submit for *in camera* review any other documents it determines are not privileged, but still seeks to use. This second layer of review, proposed by the Court and agreed to by the parties, is designed to give BH greater comfort that no party will be able to use or disclose any privileged material in this proceeding without court approval.

Accordingly, the defendants' motions to compel are ALLOWED to the extent that the government must consistent with its discovery obligations turn over all information in its possession, custody, or control. (Dkt. Nos. 42 and 43). The parties' joint motion for a protective order is also ALLOWED, subject to the modification discussed above. (Dkt. No. 67). The protective order will be issued separately.

Finally, BH has requested, and the Court has agreed, to stay the effect of the ruling on the motion to compel by one week from today in order to allow counsel for BH to confer with his client to determine whether there is a need or basis to seek further relief from the Court. As BH is not a party to the instant matter, it is unclear, and the Court takes no position on, what rights BH may have at this particular juncture and/or what form any further court submission should take. Regardless, any submission by BH seeking further relief or protection must contain a statement

indicating whether and to what extent BH has previously in any other setting voluntarily disclosed any materials it might seek to shield here from disclosure or use.

>                                /s/ Donald L. Cabell
>                                DONALD L. CABELL, U.S.M.J.

DATED:  June 10, 2016