# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL GIBSON and MARK KESNER,<br><br>Defendants. | Criminal Action No. 15-cv-10323-IT |

## PROTECTIVE ORDER

The Court hereby ORDERS as follows:

1. This Court, having heard the objections and concerns of the government and Behman Hambelton, LLP, has ordered production to defendants of imaged copies of a server obtained from third-parties that was the subject of motions to compel (Dkt. Nos. 42 and 43), subject to certain exceptions agreed upon by the parties (the "Server Copies").

2. The Server Copies may be used solely in the prosecution and defense of the above-captioned matter, and for no other purpose and in connection with no other proceeding.

3. Defendants Daniel P. Gibson and Mark Kesner, and the government, shall not disclose any materials taken from the Server Copies pursuant to this order to any person except the parties, those assisting the parties and their counsel in the prosecution or defense of this matter, persons who are interviewed as potential witnesses, potential experts, or Court personnel, and then only during the course of the prosecution and defense of this case.

4. Materials taken from the Server Copies shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described

above to prepare or assist in the prosecution or defense, and all such copies and reproductions will be treated in the same manner as the original matter.

5. When providing materials taken from the Server Copies to an authorized person, counsel for the party providing such materials must inform he authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order.

6. No Party shall place in the public record during any pretrial or trial proceeding or for any other purpose any document which may contain confidential or privileged information of any Gibson & Behman client learned in the course of the provision of legal services to any such client without first identifying the document and providing all other parties, Behman Hambelton, LLP, and the identified client with notice of any intention to rely on such document and the opportunity to object to any disclosure.

7. No Party shall place in the public record during any pretrial or trial proceeding or for any other purpose any document from the Server Copies, including one that does not contain confidential or privileged information, without first submitting it to the Court for an *in camera* review.

8. Pursuant to Federal Rule of Evidence 502(d), it is hereby ordered that disclosure of materials taken from the Server Copies to the parties and others authorized by the terms hereof shall not be deemed a waiver of any privilege or protection otherwise applicable to such materials.

9. Nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

3

10. The rights and constraints created by this Order shall not apply retrospectively to any material obtained by a party prior to the date of this Order.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  June 10, 2016