UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 1:15-cr-10323 |
| (1) DANIEL P. GIBSON, and (2) MARK KESNER | ) ) ) | |
| Defendants | ) ) | |

**SCOTT BEHMAN AND BEHMAN HAMBELTON LLP'S
EMERGENCY MOTION FOR
FURTHER STAY OF THE MAGISTRATE JUDGE'S ORDER**

Scott Behman and Behman Hambelton LLP request a stay of the Magistrate Judge's Order issued on June 10, 2016 directing the government to disclose a copy of Behman Hambelton LLP's computer server to defendants Daniel Gibson and Mark Kesner. Order (dkt. #74). The Magistrate Judge stayed the order for one week to permit Behman and Behman Hambelton to seek further relief from the Court. *Id*. at 4. Behman and Behman Hambelton have sought further relief from this Court by filing a motion to intervene and an objection the Magistrate Judge's Order. Therefore, Behman and Behman Hambelton respectfully request that this Court stay the Order pending the outcome of the appeal.

**Background**

On June 10, 2016, Magistrate Judge Cabell entered an order requiring a law firm containing client files, privileged information and confidential client information be produced to the Defendants and the government for use in the defense and prosecution of this case. Order (dkt. #74) at 3-4. The Magistrate Judge found that the government and Behman Hambelton had come to an agreement, which "gave BH ultimate control over determining whether [server]

1

material was responsive or privileged" yet ordered the privileged materials produced. *Id*. at 2.The Magistrate also entered a Protective Order "to address BH's interest in having some due process protections with respect to the potential use or disclosure of privileged material." *Id*. at 4.

The Protective Order permits both the defendants and the government to use and reproduce information on the server in prosecuting and defending the case, including disclosing the information to those assisting counsel on the matter, potential witnesses and experts, and court personnel. Protective Order (dkt. #75) at ¶¶ 2-4. Behman Hambleton is limited to having an opportunity to assert a privilege objection only when a party intends to place documents containing privileged information in the public record. *Id.* at ¶¶ 6-7.

The Magistrate stayed the Order for one week to permit Behman Hambelton to seek further relief from the Court. Order (dkt. #74) at 4.

## Argument

Federal courts possess the inherent power to stay proceedings. *Microfinancial, Inc. v. Premier Holidays Intern., Inc.,* 385 F.3d 72, 77 (1st Cir.2004). In deciding whether to issue a stay courts should maintain even balance and weighing the competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Factors to be considered include: good cause, reasonable in duration, and weighing and balancing the competing equities. *Standard Fire Ins. Co. v. Andrade*, 09-10500-MLW, 2010 WL 1418011, at *1 (D. Mass. Apr. 6, 2010) (Wolf, D.J.).

The Court should extend the stay granted by the Magistrate Judge until the Court rules on Behman Hambelton's objections to the Order to disclose the server. Such a stay would apply only to a subset of ongoing discovery for a brief time (given the prior record developed by the Magistrate Judge), and will ensure that the privilege belonging to GB's clients and Behman, who have nothing to do with this case, is preserved.

District Courts in this jurisdiction have imposed a stay when faced with an appeal from a third party in a criminal case challenging a production order that implicated the attorney-client privilege. *United States v. Gorski*, 807 F.3d 451, 457 (1st Cir. 2015). Other Courts have also exercised their discretionary powers to expedite discovery disputes involving the attorney-client privilege in light of the harm that attends forced disclosure. *See e.g., Harper & Row Publishers, Inc. v. Decker*, 423 F.2d 487, 492 (7th Cir.1970), aff'd per curiam, 400 U.S. 348 (1971) ("because maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice, and because an appeal after disclosure of the privileged communication is an inadequate remedy, the extraordinary remedy of mandamus is appropriate").

At issue in the Magistrate Judge's Order is the production of client files of countless individuals, who sought legal advice from either Gibson & Behman or Behman Hambelton over several years. A stay pending the District Court's review of the Order is necessary to preserve the integrity of the attorney-client privilege and will not prejudice the parties. For these reasons, Behman Hambelton requests the Court extend the stay of the Magistrate Judge Order (dkt. #74) pending the outcome of the Court's consideration of the objections.

Dated: June 17, 2016

Respectfully submitted,

*/s/ William J. Lovett*
William J. Lovett (BBO No. 643525)
wlovett@collorallp.com
**COLLORA LLP**
100 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 371-1000

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 17, 2016.

                                      */s/ William J. Lovett*
                                      William J. Lovett