UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 1:15-cr-10323-IT |
| (1) DANIEL P. GIBSON, and<br>(2) MARK KESNER<br>            Defendants | ) ) ) ) ) | |

### SCOTT BEHMAN AND BEHMAN HAMBELTON LLP'S
### MOTION TO INTERVENE

Scott Behman and Behman Hambleton LLP move to intervene for the purpose of objecting to an order entered by Magistrate Judge Cabell ordering the production of portions of Behman Hambelton's computer server containing client files, containing privileged and confidential client information. (dkt #75).

### Background

Magistrate Judge Cabell allowed counsel for Behman and Behman Hambelton LLP to appear and file pleadings opposing a motion to compel filed by Defendant Daniel Gibson seeking access to the server. However, the Court did not formally enter an order allowing Behman or Behman Hambelton to intervene. Therefore, Behman and Behman Hambelton now move for permission to intervene for the limited purpose of objecting on behalf of the clients whose attorney-client privilege is threatened by this order.

### Argument

"Intervention is appropriate as of right when the disposition of an action may impair or impede the applicant's cognizable interest. Colorable claims of attorney-client and work product privilege qualify as sufficient interests to ground intervention as of right." *In re Grand Jury*

1

*Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) (citations omitted). The motion here concerns records inherently privileged—a law firm's records. *United States v. Stewart*, 2002 WL 1300059, *3 (S.D.N.Y. June 11, 2002) (special master review of materials seized at a law firm necessary due to the likelihood the materials contained attorney-client privileged information). A lawyer has standing to intervene to protect its client's attorney-client privilege. *In re Grand Jury Subpoena*, 274 F.3d at 570.

The clients' interest in preserving their privilege will not be adequately represented by either party in this criminal case. The Defendants have a conflict of interest between choosing to protect client confidences or preparing a defense. *Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984) ("an attorney may not use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure" (citation and internal quotations omitted)). The government also has no incentive to protect the client confidences (indeed it joined in a motion proposing the server's disclosure providing it with equal access to the server for purposes of prosecuting the case).

Behman and Behman Hambelton's intervention is "a textbook example of an entitlement to intervention as of right." *Id.*; *see also United States v. Cuthbertson*, 651 F.2d 189, 193 (3d Cir. 1981) ("a third party may intervene in a criminal trial to challenge production of subpoenaed documents on the ground of privilege" (collecting cases)); *Velsicol Chem. Corp. v. Parsons*, 561 F.2d 671, 674 (7th Cir. 1977) (third party who did not receive order or subpoena had standing to intervene in criminal case to protect attorney-client privilege); *United States v. Bergonzi,* 216 F.R.D. 487, 492 (N.D. Cal. 2003) (permitting third party to intervene and assert attorney-client privilege objection to defendant's Rule 16 discovery motion to obtain materials claimed to be privileged).

Behman and Behman Hambelton are submitting this formal motion to clarify any ambiguity regarding their standing to object to the Magistrate Judge's Order. Indeed, counsel for Behman and Behman Hambelton filed a notice of appearance two days after Gibson first filed a motion requesting disclosure of the server. Motion to Compel (dkt. #43) (filed 02/25/2016); Notice of Appearance (dkt. #44) (filed 02/26/2016).

Behman and Behman Hambelton submitted an opposition (dkt. #48) to the motion on grounds disclosure would jeopardize the attorney-client privilege and attorney work product of their clients, briefed and argued their objections on attorney-client privilege and work product grounds in proceedings before the Magistrate Judge.. *Cf. Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002) (accepting pleadings other than a formal motion to intervene where the position of the movant is apparent from other filings and opposing party was not prejudiced); *E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 518 (S.D.N.Y. 2001) (treating motion for contempt as also a motion to intervene, where pleading stated cognizable claim for relief and parties were not prejudiced).

Further, the parties acquiesced in Behman and Behman Hambelton LLP intervening to assert these privileges. Gibson's Reply to Opposition (dkt. #51) at ¶ 5 ("Mr. Behman's only principled participation should be limited to raising issues of privilege"); Assented Motion for Extension of Time for Behman and Hambelton to File Opposition (dkt. #45).

For the foregoing reasons, Scott Behman and Behman Hambelton respectfully request that this Court enter an order allowing them to intervene in this case for the limited purpose of objecting to the Magistrate Judge's Order requiring the disclosure of privileged and confidential client information to the Defendants and the government.

Dated: June 20, 2016

>Respectfully submitted,
>
>*/s/ William J. Lovett*
>William J. Lovett (BBO No. 643525)
>wlovett@collorallp.com
>**COLLORA LLP**
>100 High Street, 20th Floor
>Boston, Massachusetts 02110
>(617) 371-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 20 2016.

>*/s/ William J. Lovett*
>William J. Lovett

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 112.1 AND 7.1(A)(2)**

Undersigned counsel hereby certifies that he conferred with counsel for Gibson and Kesner on June 17, 2016 and June 19, 2016 who indicated that they do not assent to the relief requested in this motion.

Undersigned counsel further certifies that he conferred with counsel for the government on June 20, 2016 who indicated that the government does not object to this motion.

>*/s/ William J. Lovett*
>William J. Lovett