UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 15-cr-10323-IT |
| DANIEL GIBSON and MARK KESNER, | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

Defendants Daniel Gibson and Mark Kesner respectfully submit this opposition to the Motion to Intervene filed by non-parties Scott Behman and Behman Hambelton LLP (together, the "Behman Non-Parties"). The defendants respectfully state as follows:

1. The Magistrate Judge's order that the Behman Non-Parties seek to challenge through intervention does not direct the Behman Non-Parties to do anything. Rather, it directs the government, which indisputably possesses the materials at issue, to provide the materials to defendants in accordance with the government's Rule 16 discovery obligations. In short, the order is not a Rule 17 order for discovery from third-parties, but a Rule 16 order for discovery from the government.

2. The defendants object to private parties, and particularly *these* private parties, intervening in a discovery dispute between the government and two citizens charged with federal criminal offenses. Mr. Behman initiated these proceedings by making reports about Mr. Gibson to the IRS. The Behman Non-Parties and their counsel have met with IRS agents and the prosecutor in this action in efforts to secure the prosecution of Mr. Gibson. Mr. Behman provided to the government testimony, as well as access to expert accounting analysis of financial records, to assist in the prosecution. Mr. Behman potentially stands to gain financially

from this prosecution, as the government has disclosed that he has submitted an application for an award as a purported whistleblower regarding alleged unpaid taxes. He, and his law firm Behman Hambelton LLP, are highly biased parties who have sought to bring about this prosecution, attempted to assist the government in pursuing it, and stand to gain financially from a conviction and resultant bounty. Whatever assistance the Behman Non-Parties are motivated to provide the government outside the courtroom, the defendants should not be forced to defend themselves before the Court against not only the government, but also the Behman Non-Parties in their desire to interfere with ordered discovery *from the government*.

3. While the Behman Non-Parties claim privilege and other interests in the materials at issue, the Court has not ordered discovery from the Behman Non-Parties. The reason the Court has ordered discovery from the government is that the Behman Non-Parties *voluntarily* provided the information to the government during the course of the government's investigation. In fact, the Behman Non-Parties have repeatedly waived any privilege or other protections when doing so served their own purposes.

4. First, Mr. Behman took materials on a server belonging not to him or to Behman Hambelton, but to Gibson & Behman P.C., an earlier firm that was majority-owned by defendant Gibson, and merged those materials into the Behman Hambelton server. In doing so, Mr. Behman thus provided to employees having no relationship to Gibson & Behman access to materials that the Behman Non-Parties now claim are too sensitive for the defendants to see.

5. Second, Mr. Behman sued both Mr. Gibson and Mr. Kesner, and in the course of those civil litigations provided to the defendants emails from several former Gibson & Behman employees, including Mr. Gibson, Nancy Jones (Mr. Gibson's secretary), and Dawn Garrity, while selectively withholding the vast majority of Mr. Behman's own emails. The emails that

were provided included communications regarding Gibson & Behman clients and client confidences.

6. Third, and most importantly for purposes of this dispute, despite being served with a narrow grand jury subpoena (*see* Dkt. No. 79-1), Mr. Behman eschewed a targeted search for materials and the creation of a privilege log, in favor of turning over to the government the entire server at issue. In fact, the Behman Non-Parties gave the government access to copy more than what is subject to the Court's discovery order. Because the government inadvertently failed to copy a portion of the materials to which it was given access, and because the Magistrate Judge limited his order to what was in the government's possession today, only a portion of the materials that the Behman Non-Parties voluntarily disclosed is at issue here.

7. Furthermore, when voluntarily providing the government with access to and a copy of the materials at issue, the Behman Non-Parties expressly recognized that the government would have Rule 16 and *Brady* discovery obligations if the government took action against Mr. Gibson. (*See* Dkt. 48-4 ("Our agreed upon protocol [for providing the material to the government], however, failed to address the possibility that, in the event that the grand jury returns and [sic] indictment, defense counsel may request copies of the mirror images. In the event that such a request is made, I would *request* that any production of information from the Gibson & Behman PC servers to defense counsel be subject to the same protocol described above to avoid disclosure of any privileged documents or communications." (emphasis added)).)

8. In addition, while the "protocol" on which the government and the Behman Non-Parties agreed purported to permit the Behman Non-Parties to review materials that the government identified from the server before the government looked at the substance of the materials, a private agreement cannot trump criminal defendants' Rule 16 and *Brady* rights to

3

information in the government's possession. *See, e.g.*, *United States v. Mass. Institute of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997); *United States v. Williams Cos.*, 562 F.3d 387, 395-96 (D.C. Cir. 2009).  In any event, whatever limitations that protocol purported to place on the government's access to the materials, the government was given the right to run searches directly on the materials (rather than relying on the Behman Non-Parties to run searches), *and* the protocol applied only to the pre-indictment, grand jury stage of the investigation.  As a letter from the government to the Behman Non-Parties made clear, the government promised that it would "maintain [a copy of the server] in a sealed evidence bag and access it only if it is necessary to do so in a subsequent criminal proceeding." (Dkt. No. 79-2.)  We are now in that "subsequent criminal proceeding."

       9.      Because the Magistrate Judge's order did *not* order the Behman Non-Parties to do anything, but rather only directed the government to provide to the defendants materials in the government's possession – materials that the Behman Non-Parties *voluntarily* provided to the government – the Behman Non-Parties have no cognizable interest that could support intervention.  In short, the Magistrate Judge's order simply requires that the defendants be given access to the very same materials that the Behman Non-Parties voluntarily gave to the government, thus leveling access as between the government and the defendants.  That fact is what distinguishes this situation from those on which the Behman Non-Parties rely here: cases in which non-parties are permitted to intervene to avoid the disclosure of materials to the government *in the first place*, or cases in which the non-party was forced to provide the information through a court order.  *See In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) (allowing intervention to resist discovery *to the government* through a grand jury subpoena); *Velsicol Chem. Corp. v. Parsons*, 561 F.2d 671, 674 (7th Cir. 1977) (same); *United*

*States v. Cuthbertson*, 651 F.2d 189, 194 (3d Cir. 1981) (addressing material ordered to be provided by Rule 17 subpoena).[1]  Here, the persons claiming an interest already disclosed the materials by voluntarily putting them in the possession of the government, knowing that in any subsequent prosecution the government would have Rule 16 and *Brady* disclosure obligations.

10. In addition, to the extent the Behman Non-Parties claim an interest in avoiding public disclosure of the materials, or disclosure beyond what is necessary for the defendants to have equal access to the materials that the government already possesses, there is not yet any ripe dispute that could support intervention.  Specifically, the Magistrate Judge imposed a protective order that not only prevents the defendants from using or disclosing the materials outside this action, but also prohibits without further proceedings the defendants or the government from putting into the public record in this action materials provided to the defendants.  Depending on the type of materials at issue, the parties to this case must first provide materials either to the Court *in camera* or to the Behman Non-Parties' counsel for review prior to putting materials in the public record or further disclosing them.  (Dkt. No. 75 ¶¶ 6-7.)  Whether the Behman Non-Parties would have standing to intervene to challenge defendants' or the government's use of materials following that Court-imposed process is not the situation now presented.

11. Finally, by way of yet additional protection, the Court also included in its protective order that, "[p]ursuant to Federal Rule of Evidence 502(d), it is hereby ordered that disclosure of materials taken from the [materials at issue] to the parties and others authorized by

---

[1] Only *United States v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003), is different.  But in that case, the defendants did not oppose the third-party's intervention, and the materials at issue were provided to the SEC under a claim of common-interest protection between the third-party and the SEC.  There is no claim here that any such protection applied when the Behman Non-Parties voluntarily provided materials to the government, or that intervention is necessary to enforce that protection.

the terms hereof shall not be deemed a waiver of any privilege or protection otherwise applicable to such materials." (*Id.* ¶ 8.) Thus, if any materials remain privileged or otherwise protected despite the Behman Non-Parties' selective and self-serving prior disclosures, the mere providing of them to the defendants so as to give defendants and the government equal access does not vitiate those protections.

12. Given the limited scope of the Magistrate Judge's order – that the government must give to the defendants what is already in the government's possession – that order does not give rise to any right to intervention by the Behman Non-Parties.

## CONCLUSION

For the reasons provided herein, defendants Daniel Gibson and Mark Kesner respectfully request that the Court deny the motion to intervene.

Respectfully submitted,

*/s/ Martin Weinberg (by JLS)*
Martin Weinberg
Counsel for Defendant Daniel Gibson

*/s/ Joshua L. Solomon*
Joshua L. Solomon
Counsel for Defendant Mark Kesner

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 20, 2016.

/s/ Joshua L. Solomon