UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 1:15-cr-10323-IT |
| (1) DANIEL P. GIBSON, and | * | |
| (2) MARK KESNER, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

June 24, 2016

TALWANI, D.J.

Before the court is Scott Behman's and Behman Hambleton LLP's ("BH") Motion to Intervene [#82] for the purpose of lodging their Objection to the Magistrate Judge's Order Requiring the Government to Produce Attorney-Client Privileged Material and Confidential Information to Defendants [#79]. The objection concerns the Magistrate Judge's Order on Defendant Daniel Gibson's Motion to Compel, Defendant Mark Kesner's Motion to Compel, and the Joint Motion for a Protective Order [#74] ("the Order") concerning the production of a copy of a mirror image of a computer server held by the government.

I.    *Background*

Defendant Gibson and Behman were law partners in the now defunct law firm Gibson & Behman, P.C. ("Gibson & Behman"). Behman created BH after Gibson & Behman dissolved. A grand jury subpoena required BH to produce documents related to Gibson and Gibson & Behman.

1

Pursuant to a protocol agreed to by BH and the government to segregate documents pertinent to the grand jury investigation from those which were not pertinent or may have involved legal advice to clients, BH permitted the government to make two "mirror image" copies of a server containing the responsive documents. Gov't Opp'n Mot. Compel Ex. B [#46-2] (Privilege Review Protocol). The protocol further permitted the government to process one copy through an analytic software "for the purpose of creating a list of files which appear to satisfy the grand jury's subpoenas (the 'initially identified files')." Id. The protocol authorized the government to provide BH's counsel with a copy of the list of "initially identified files" and a disc containing those files for BH's counsel to confirm that the files were (1) covered by the subpoena and (2) not privileged. Id. The protocol further provided for BH's counsel to provide the government with a list of any documents from the initially identified files that were not covered by the subpoena and/or privileged, as well as a new disc that excluded those listed materials from the files to be reviewed by the government and thus contained only the documents that BH determined were responsive to the subpoena and not privileged. Id. The protocol provided for this copy of the server to be returned to BH. Id.

The protocol also permitted the government to maintain the other mirror image copy (the "Retained Copy") in a sealed evidence bag. Id. The protocol permitted the government to access the Retained Copy "in a subsequent criminal proceeding," but the government, Behman and BH agree that the purpose of this provision of their protocol was limited to enabling the government to establish the authenticity of any records from the server if such authenticity was challenged. Behman & BH Obj. Magistrate Judge Order 3 [#79]; Gov't Resp. Behman & BH Obj. 3-4 [#88].

After the Defendants were indicted, Defendant Gibson requested copies of Gibson & Behman's files contained on a computer server used by BH. See Joint Mem. First Interim Status

Conference 1-2 [#38]. The Defendants and the government reported to the Magistrate Judge that: (1) the government has the Retained Copy "to establish authenticity of certain records at trial, if necessary"; (2) the government had been given consent by BH to review only certain, non-privileged files; and (3) the government had provided both Defendants "with copies of all records from that server which [the government] believes it may access pursuant to that consent." Id. The government stated further that it had no objection to Defendants accessing whatever documents they wanted on the Retained Copy, so long as the government had equal access. Id. at 2. The government noted, however, that "absent consent by the successor firm, the Government believes this Court must give the successor law firm an opportunity to be heard on protections it believes need to be in place with respect to the law firm's files," and must enter a discovery order which, *inter alia*, protects attorney-client privileged files on the Retained Copy. Id.

Gibson moved to compel the government to disclose the Retained Copy "in the 'possession, custody, or control' of the Government" pursuant to Federal Rule 16(a)(1)(B) and 16(a)(1)(E) and the Fifth and Sixth Amendments to the United States Constitution and Kesner joined the motion. See Gibson Mot. Compel Gov't Provide Imaged Copy of Gibson & Behman Server [#42]; Kesner Mot. Compel Joining Mot. Filed by Gibson [#43]. The government responded that the Retained Copy "was neither seized pursuant to a search warrant nor obtained pursuant to a grand jury subpoena, mechanisms which might give the government possession, custody, or control," and that the scope of the government's right of access to files was, and remains, limited by BH's consent in the protocol agreement. See Gov't Opp'n Def.'s Mot. Compel 1 [#46]. The government argued further that the proper mechanism for seeking access to the Gibson & Behman server retained by BH was a Rule 17 subpoena to BH, and that the

government does not object to such subpoenas so long as the defendants established with a reasonable degree of specificity the records which they seek and materiality to the preparation of their defenses, that the government is equally provided copies of the records, and that BH is given the opportunity to argue for appropriate protection of privileged documents. Id. at 2. Scott Behman and BH filed an opposition that argued that the disclosures sought by Defendants would jeopardize attorney-client privilege as to Behman and BH's clients and attorney work product. See Behman & BH Opp'n Def.'s Mot. Compel [#48].

Following a motion hearing, the government and Defendants filed a Joint Motion for Entry of Protective Order [#67].

On June 10, 2016, the Magistrate Judge issued the Order finding the Retained Copy to be in the government's possession, custody, or control and allowing Defendants' motion to compel in part. Order 3-4 [#74]. The Magistrate Judge also entered a protective order similar to that proposed by the parties but with some additional protections. Id.; Protective Order [#75]. The Magistrate Judge stayed the effect of the Order for one week. Order 4 [#74].

Behman and BH formally moved to intervene to lodge their objection to the Order and moved to extend the stay pending this court's resolution of the objection. Defendants filed an opposition to the motion to intervene, Defendants and the government filed responses to Scott Behman's and BH's objection, and Behman and BH filed a reply to the Defendants' responses. The court extended the stay of the Order pending further order of the court.

II.     *Motion to Intervene*

The motion to intervene for the purpose of objecting to the Magistrate Judge's orders is allowed. In re Grand Jury Subpoena, 274 F.3d 563, 570 (1st Cir. 2001) ("Intervention is appropriate as of right when the disposition of an action may impair of impeded the applicant's

cognizable interest. Colorable claims of attorney-client and work product privilege qualify as sufficient interests to ground intervention as of right.") (citing Fed. R. Civ. P. 24(a)(2)). While the government opposed Defendants' motion to compel, the government has filed no objection to the Order allowing that motion. Defendants and the government jointly proposed a protective order similar to that adopted by the Magistrate Judge, and neither has objected to it nor asserted Behman, BH, and BH's clients' interests in preserving the attorney-client communications and attorney work product in any manner beyond that allowed for in the protective order.

     *III.*    *Intervenors' Objection*

A district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is contrary to law or clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Applying this standard, the Intervenors' objections are sustained in part and denied in part.

The Magistrate Judge found that the Retained Copy is in the government's possession, custody, or control, because it is "indisputably physically held and controlled by the government." Order 3 [#74]. Neither the government nor the interveners have provided any authority suggesting that material within the physical custody of the government is not within its "possession." Accordingly, the court finds no error in the determination that the Retained Copy is within the government's possession, custody, or control.

Finding the server to be within the government's possession, the Order allowed the motion to compel "to the extent that the government must *consistent with its discovery obligations* turn over all information in its possession, custody, or control." Order 4 [#74] (emphasis added); see also id. at 3 ("the government must produce any information on the server consistent with the government's statutory and constitutional discovery obligations"). The Order would allow the government access to the entire Retained Copy for the laudable purpose of

meeting the government's discovery obligations through fulsome disclosure, while sidestepping the question of whether privileged documents (which the government has not reviewed and may not access absent court order) fall within the government's discovery obligations in the first place. The protective order, in turn, defers resolution of Behman's and BH's claims of privilege until the parties seek to offer such documents in the public record. Protective Order ¶¶ 6-7 [#75] (requiring that before any privileged material is entered into the public record, notice and an opportunity to object be given to all parties, BH, and the identified BH client, and that the document be submitted to the court for *in camera* review).

By allowing the government and the Defendants access to these documents in the first instance, however, communications that may be protected by the attorney-client privilege or as attorney work product will be disclosed (albeit only to a limited group including the government and the Defendants) before there is any determination of whether the privilege applies or whether the material falls within the government's discovery obligations. Such a procedure does not adequately protect potential privilege concerns.

Accordingly, the Order allowing the motion to compel in part is amended to allow for an initial review of documents as follows.

(1) Behman and BH shall provide a privilege log to the government and Defendants identifying each document on the Retained Copy that they contend is protected by the attorney-client privilege or as attorney work product.

(2) After such privilege log is provided to the parties, the government shall produce to Defendants a copy of the documents on the Retained Copy not listed on Behman and BH's privilege log.

(3) This order is without prejudice to Defendants moving to compel production of

specific documents on the Retained Copy over which Behman and BH have claimed a privilege. Consistent with this court's <u>Order of Reference</u> [#6], such motion will be addressed in the first instance by the Magistrate Judge.

(4) Neither the government nor the Defendants may access any files on the Retained Copy designated by Behman and BH as privileged unless the court determines the material shall be produced by the government to Defendants.

(5) Behman and BH shall produce their privilege log no later than July 8, 2016, or as modified by the Magistrate Judge. The Magistrate Judge shall set a schedule for the remaining steps of this review process.

(6) Paragraphs 2-5 and 9-10 of the <u>Protective Order</u> [#75] are not modified.

IT IS SO ORDERED.

Date:   June 24, 2016                                       /s/ Indira Talwani
                                                            United States District Judge