UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 1:15-cr-10323-IT |
| (1) DANIEL P. GIBSON, and (2) MARK KESNER | ) ) ) | |
| Defendants | ) ) | |

**SCOTT BEHMAN AND BEHMAN HAMBELTON LLP'S
MOTION FOR EXTENSION OF TIME TO FILE A PRIVILEGE
LOG PURSUANT TO COURT'S JUNE 24, 2016 ORDER**

Scott Behman ("Behman") and Behman Hambelton LLP ("BH") respectfully request a 90-day extension to October 7, 2016 to comply with the Court's order to provide a privilege log identifying any attorney-client privileged or attorney work product materials on the mirror imaged server. An extension is necessary because the mirror imaged server contains over 400,000 files that will need to be reviewed to comply with the Court's order. In support of this motion, BH further states as follows:

1. During a grand jury investigation, BH allowed the government to mirror image a copy of the BH law firm server containing documents and other information related to the law firm Gibson & Behman, P.C. BH and the government agreed on a protocol that prohibited the government from accessing the server unless BH's counsel first had the opportunity to review documents for privilege.

2. Defendant Daniel Gibson filed a motion to compel production of the server's mirror imaged copy. Defendant Mark Kesner joined in the motion.

3. Following briefing and argument, Magistrate Judge Cabell ordered, on June 10, 2016, that the government produce the mirror imaged server to the Defendants subject to a protective order. (dkt. #74).

4. Behman and BH filed an Objection to the June 10, 2016 Order. (dkt. #79).

5. On June 24, 2016 the District Court modified the June 10, 2016 Order compelling production of the retained BH computer server by prohibiting the government and the Defendants from accessing any material on the mirror imaged server designated as privileged unless the court determines the material shall be produced by the government to the defendants. (dkt. #94) at 7.

6. The District Court further ordered that Behman and BH provide a privilege log identifying each document on the retained server copy that they contend is protected by the attorney-client privilege or as attorney work product by no later than July 8, 2016, or as modified by the Magistrate Judge. *Id*. at 6 & 7.

7. On June 27, 2016, the government provided a copy of a hard drive containing three files from the mirror imaged server. The hard drive has approximately 122 gigabytes of compressed files containing documents, software programs, operating systems and other material.

8. Behman and BH provided an e-discovery vendor with a copy of the hard drive on June 27, 2016, the same day the hard drive was received from the government. A preliminary analysis showed that the hard drive is divided into three separate files. One file contains approximately 400,000 files, the second file contains approximately 13,000 files and the third file contains approximately 1,500 files.

9. The e-discovery vendor is processing the files for uploading onto a database to permit BH to perform the privilege review contemplated by the Order. As of the filing of this motion, that process is not complete.

10. Behman and BH require an extension of time from the District Court's July 8, 2016 deadline to produce the privilege log. In light of the volume of materials that will need to reviewed and analyzed, a 90 day extension to complete this review is requested.

11. In order to minimize any delay, BH will produce privilege logs on a rolling basis.

For the foregoing reasons, Behman and BH respectfully request that the District Court's Order be modified to extend the deadline for producing a privilege log by 90 days.

Dated: July 1, 2016

Respectfully submitted,

*/s/ William J. Lovett*
William J. Lovett (BBO No. 643525)
wlovett@collorallp.com
**COLLORA LLP**
100 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 371-1000

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 112.1 AND 7.1(A)(2)**

Undersigned counsel hereby certifies that he conferred with counsel for the government, Gibson, and Kesner on June 28, 2016. The parties object to the relief requested in this motion. The government objects to the extension's length and any extension that would contain a rolling production of materials in equal portions biweekly until completed. Counsel for Defendant Gibson and Counsel for Kesner join the Government's objection and reserve their previously expressed position.

*/s/ William J. Lovett*
William J. Lovett

3

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 1, 2016.

            */s/ William J. Lovett*
            William J. Lovett