UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>(1) DANIEL P. GIBSON, and            )<br>(2) MARK KESNER                         )<br>)<br>      Defendants.                             )<br>_____) | Criminal No. 1:15-cr-10323 |

**OPPOSITION TO SCOTT BEHMAN AND BEHMAN HAMBELTON LLP'S
MOTION FOR EXTENSION OF TIME TO FILE A PRIVILEGE LOG
PURSUANT TO COURT'S JUNE 24, 2016 ORDER**

Defendant Daniel P. Gibson, by and through undersigned counsel, hereby opposes intervenors Scott Behman and Behman Hambelton LLP's (hereinafter "BH") Motion for Extension of Time to File a Privilege Log Pursuant to Court's June 24, 2016 Order, Dkt 99. In support of his opposition, Defendant respectfully states as follows:

1. Intervenors seek to modify the schedule set by the Honorable Judge Talwani's Order[1] by delaying the production of criminal discovery by 90 days so they can conduct a prior

---

[1] Intervenors, through their counsel Mr. Lovett, argued to the Honorable Judge Talwani that Defendants Gibson and Kesner first raised the issue of waiver of the attorney-client privilege as to materials on the Server in their Opposition to Intervenors Appeal to the District Court, *See* Dkt. 93 at 1 ("Scott Behman ("Behman") and Behman Hambelton LLP ("BH") submit this reply to respond to the Defendants' argument, *raised for the first time on appeal* that the attorney-client privilege held by Behman and Gibson Behman ("GB") clients was waived…")(emphasis added); *See also Id.* at 3 n.3 ("Because Defendants *failed to present their waiver argument to Judge Cabell, that argument is waived for the purposes of this appeal*")(emphasis added).  The crystal clear and unambiguous record of the final hearing before Magistrate-Judge Cabell reflects the inaccuracy of these representations to the District Court.  Intervenors failed to inform the District Court that Defendant Gibson had expressly claimed that Behman and BH waived the attorney-client privilege as to the Server materials in their filings and during oral argument before this Court, in Mr. Lovett's presence during the last hearing before this Honorable Court, *see* June 8, 2016 Transcript attached hereto as Exhibit 1, pg. 45 ("*I just want the record to be clear, your Honor, that there has been a waiver by Mr. Behman. There's been a selective*

1

review of the Rule 16 materials.[2] Defendant submits that Intervenors should not be allowed to dictate the schedule of discovery. Instead, they should be required to provide as many resources as is necessary to expeditiously complete their review without seeking substantial delays of the pending criminal proceedings. Mr. Lovett's sophisticated law firm surely has the resources in place to conduct an expedited review of the potentially privileged Server materials within the current deadline and to particularize on a basis other than the amount of data on the Server why a significantly shorter delay would not suffice. Intervenors should be required to put forth the resources necessary to comply with the current schedule or provide this Honorable Court with a basis other than the size of the hard drive to permit this Court to assess the necessity for a substantial delay;

    2.     Although Intervenors claim that the hard drive contains 122 GB of data (and in total over 414,500 files), they do not indicate whether a large portion of the data and the files, such as system files and program files, can contain privileged materials. They seek a 3-month continuance without even a cursory look at the Server's content. To the extent large portions of the Server contain non-privileged materials, the entire basis for the request becomes illusory. The Intervenors should be required to inform the Court in a detailed proffer what portions of the Server can be immediately produced and which portions require a privilege log. These non-privileged files significantly cut down on the amount of data Intervenors claim they need to sort

---

*waiver…*")(emphasis added); s*ee also* Dkt. 51 ("That the Gibson & Behman Server has confidential BH materials on it is the fault of Mr. Behman alone, who apparently exposed the confidential materials of the Gibson & Behman clients to those working for a different law firm, BH."); *and* Dkt. 62 at 4-5 ("These constitutional and codified rights of a third party (Mr. Gibson) cannot be diminished or eviscerated by private agreements where the Government promises to keep discoverable information private, or to delegate to a private party, particularly one seeking Whistle Blower monetary rewards, the right to unilaterally determine what is responsive or material or pertinent (or, *in the face of a waiver*, privileged).")(emphasis added).
[2] Materials which Judge Talwani agreed were in the "possession, custody or control" of the Government.

through;

   3. The requested extension by Intervenors would cause a substantial and unnecessary delay in this already long process.  Defendants should not be forced to sit and wait for the conclusion of Mr. Lovett's lengthy review without receiving the discovery that Rule 16 requires. At minimum, as to any delay accorded to the Intervenors, a strict schedule requiring interim productions should be mandated.

   Based on the foregoing, Intervenors Behman and BH's Motion should be denied.

            Respectfully Submitted,

            Daniel P. Gibson
            By his Attorney,

            **/s/ Martin G. Weinberg**
            Martin G. Weinberg
            Mass. Bar No. 519480
            20 Park Plaza, Suite 1000
            Boston, MA 02116
            (617) 227-3700
            owlmgw@att.net

Dated: July 5, 2016

## CERTIFICATE OF SERVICE

   I, Martin G. Weinberg, hereby certify that on this date, July 5, 2016, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

            **/s/ Martin G. Weinberg**
            Martin G. Weinberg