UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>v. )<br> )<br>(1) DANIEL P. GIBSON, and )<br>(2) MARK KESNER )<br>        Defendants. )<br> ) | Criminal Action No. 1:15-cr-10323-IT |

### SCOTT BEHMAN AND BEHMAN HAMBELTON LLP'S
### STATUS REPORT AND MOTION TO MODIFY
### ORDER REGARDING PRIVILEGE REVIEW OF MIRROR IMAGED SERVER

NOW COMES third parties/intervenors Scott Behman ("Behman") and Behman Hambelton LLP ("BH") to provide a status report regarding the privilege review ordered by Judge Talwani on June 24, 2016 and request a modification of the current order. *See* Memorandum & Order ("Order") (dkt. #94). To date, BH and its counsel have reviewed several thousand documents contained on the retained copy of the Gibson Behman P.C. severer mirror imaged by the government ("Retained Copy"). The status of the privilege review is as follows:

- A privilege log for one of the three folders (Folder4) contained on the Retained Copy has been created and produced to counsel.

- The review of a second folder (Folder3) is nearing completion and it is anticipated that a privilege log will be produced shortly.

- The review of a third folder (Folder1) is underway. That folder contains several hundred folders in burldata sub-folder. A vast majority of these sub-folders are case sub-folders containing correspondence, pleadings, discovery and discovery requests, attorney client communications and attorney work product. Based on a sample of the sub-folders reviewed to date, BH estimates that a review of the burldata sub-folder would take over 2,100 hours at a cost of several hundreds of thousands of dollars.

In light of this analysis, Behman and BH respectfully request that this Court amend that order to exclude documents contained in the "burldata" folder from the scope of the privilege review and preclude the production of documents contained that folder from production absent a

showing by the Defendants or the government that these materials fall within the scope of discovery contemplated under Fed. R. Civ. P. 16.

Requiring BH to review hundreds of thousands of documents for privilege at a cost of hundreds of thousands of dollars is unreasonable and oppressive, especially in light of the fact that neither the Defendants nor the government have made a showing that any of these documents are exculpatory or material to defense and the Court has not found that any of the documents fall within the scope of Fed. R. Crim. P. 16. Accordingly, the Order should be modified to exclude the entire "burldata" folder, from the scope of the privilege review and exclude these documents from production because these documents clearly do not fall within the scope of Fed. R. Crim. P. 16.

## BACKGROUND

On June 24, 2016, Judge Talwani issued an Order concerning the production of a copy of a mirror image of a computer server, referenced to as the "Retained Copy." The Order required Behman and BH to provide a privilege log to the government and Defendants identifying each and every document on the Retained Copy that they contend is protected by the attorney-client privilege. *See Order,* ¶ 1.

On July 7, 2016, Behman and BH, through their counsel, were provided access to the Retained Copy maintained on the "Collora Behman" database hosted by an e-discovery vendor. The Retained Copy contains three (3) folders:

- "Folder1" contains all documents from the Gibson Behman server that were created on or before March 9, 2011 (the date that Behman and his prior law firm Gibson & Behman, P.C. retained counsel relative to the dissolution of that firm). In total, Folder1 contains 276,899 documents contained in numerous folders and sub-folders.

-  "Folder3" contains documents that were created or modified between March 9, 2011 and June 11, 2011. Folder3 contains 3,303 documents.

- "Folder4" is a sub-set of Folder3, that contains documents responsive to search terms provided by BH's counsel to identify potentially privileged documents created by BH's counsel during the course of the civil litigation with Gibson. Folder4 contains 630 documents.

*See Affidavit of Daniel Shanahan*, para. 3, Ex. A.

When "Folder1" is opened, eight (8) sub-folders appear.



*See Shanahan Affidavit*, para 6, Ex. A.

A vast majority of the documents in Folder 1 are contained in the "burldata" sub-folder. Nearly all of the documents created in the burldata sub-folder contain documents related to the law firm's representation of clients including correspondence with counsel, pleadings, discovery requests, attorney work product and attorney-client communications. A breakdown of the burldata folder is as follows:

- Folder burldata contains 429 folders.

- Of the 429 folders, 376 are client folders.

- Of the 376 client folders, 199 of those folders contain multiple sub-folders containing case materials for that particular client.

- Included in the 376 client folders is a "CONNECTICUT" sub-folder that contains certain client sub-folders folders related to cases handled by Gibson & Behman, P.C.'s Connecticut office.

*See Shanahan Affidavit*, para 7, Ex. A.

3

In order to determine the amount of time required to conduct the privilege review contemplated by the Order, BH selected a particular case file (Scm83 *Ferren v. Tamworth Camping Area*) and reviewed each document to create a privilege log:

- Folder "SCM" is a client folder (Specialty Claims Management) containing 71 individual case sub-folders.

- "SCM.83 Ferren" is one of the 71 sub-folders containing documents relating to litigation in New Hampshire involving a plaintiff that was injured when she sat on a picnic table. The case was tried in Hillsborough County North Superior Court, Manchester, NH, in December, 2011, by Attorney Daniel Shanahan.

- SCM.83 contains eight 8 subfolders, including sub-folders containing correspondence, pleadings, discovery, documents created during the trial, and status reports to the client. These subfolders contain 251 documents.

- Using the discovery tool provided by the e-discovery vendor, it took approximately 2 hours and 13 minutes to review the documents for privilege and create a privilege log for this sub-folder.

*See Shanahan Affidavit*, para 8-14, Ex. A.

Based upon the time it took to review each document contained in the SCM.83 sub-folder, BH estimates it would take approximately 142 hours to review and create a privilege log for the SCM client folder (2 hours x 71 client folders in SCM folder). At a rate of $150/hour (average BH partner rate), BH would incur approximately $21,300 in lost billable time to review this particular client folder.[1]

In total, the burldata folder contains approximately 274,159 documents which will require over 2,100 hours to review and create a privilege log (274,159 items / 250 documents x 2

---

[1] Many other clients folders contain just as many or more case folders (client folder RCA Insurance Group "RCA" contains approximately 700 case folders; Amity "AMITY" contains approximately 61 case folders; Lyons Group "LG" contains approximately 120 case folders; MBTA "MBTA" contains approximately 136 case folders; Massachusetts Interlocal Insurance Association "MIIA" contains approximately 276 case folders; National Amusements "NAT" contains approximately 132 case folders; Plymouth Rock "PR" contains 700 case folders; Quincy Mutual contains approximately 102 case files; and Roche Brothers "RB" contains approximately 171 case folders). *See Shanahan Affidavit*, para. 16, Ex. A.

hours = 2,193). This equates to approximately $329,000 in costs or lost billable time to BH (2,193 x $150/hour).

During grand jury proceedings, Behman and/or BH incurred substantial attorneys' fees and costs relative to complying with the grand jury subpoenas issued by the government, and proceedings relative to the production of the Retained Copy. The government declined to review the Retained Copy to comply with its Rule 16 discovery obligations because such a review would be unduly burdensome and would take too much time. Instead the government proposed that the entire Retained Copy be produced to the Defendants as long as it had equal access to the server. In light of the government's position, BH was forced to intervene to protect its clients' attorney client privilege, attorney work product and other confidential client information. The Order now requires BH to perform the same review that the government declined to perform because the review was too onerous and time consuming. Under these circumstances, it is appropriate to exclude the entire burldata folder, which includes employee/attorney folders, and client case folders from the scope of BH's privilege review and from production.

## ARGUMENT

Behman and BH request that this Court modify the present Order regarding the Retained Copy on the grounds that it would be unreasonable and unduly expensive to review the documents contained in the "burldata" folder and prepare a privilege log. Specifically, Behman and BH request that the Order be modified, pursuant to Fed.R.Crim.P. 16(d)(1), to exclude the burldata folder from the scope of the privilege review and from production to the Defendants and the government.

**Behman and BH Are Entitled To Relief Pursuant to Fed. R. Crim P. 16(d)(1)**

Fed. R. Crim. P. 16(d)(1) expressly authorizes a court to deny discovery of information sought by a defendant or defer discovery or inspection for good cause. *See United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004); *United States v. Smith*, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013) (Rule 16 contains a "provision governing protective orders related to the production of pretrial discovery"); *see also United States v. Bulger*, 283 F.R.D. 46, 52 (D.Mass. 2012) (under Rule 16(d), "good cause provides the basis to enter a protective order").

Good cause ordinarily requires "a particularized, specific showing" *Bulger*, 283 F.R.D. at 52; see *United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007) ("'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing'"); *United States v. Carriles*, 654 F.Supp.2d 557, 565 (W.D. Tex. 2009) ("motion for a protective order ordinarily 'contemplates a particular and specific demonstration of fact'").

Behman and BH have established "good cause" for modifying the Order to limit the privilege review and production of documents contained in the burldata folder. A review of the 274,159 documents in these files would take over 2,100 hours and cost hundreds of thousands of dollars and is unreasonable, and oppressive. *See In re Grand Jury Investigation*, 746 F.Supp. 866 (E.D. Wis 1990) (grand jury subpoena duces tecum served on trucking company was overbroad, unreasonable, and oppressive, and quashed under Rule 17(c), where "fishing expedition" request would require company to produce over 9,000 linear feet of documentation).[2]

Indeed Fed. R. Crim. P. 16, the rule invoked by the Defendants in their motion to compel, requires a showing that the discovery requested be material to preparation of the defense. *Fed. R. Crim. P. 16(a)(1)(E)*; *see United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991) ("A

---

[2] 270,000 documents of 8 ½ x 11 inch paper, equates to 247,500 linear feet documentation, or 46 miles.

6

defendant does not satisfy [the materiality requirement] by means of conclusory arguments concerning materiality."). Defendants have made no showing of materiality and have declined to provide search terms or narrow their request to specific folders to facilitate a more efficient review under the guise that providing that information would disclose defense strategy. The Court has never ruled that all of the documents on the Retained Copy are material within the meaning of Rule 16 and neither the Defendants nor the government have made such a showing.

Finally, Behman and BH re-assert their contention that they should not be obligated to incur the expense of reviewing hundreds of thousands of documents to prepare a privilege log because the retained copy is exclusively in the control of BH, not the government. Under BH's agreement with the government, the government is prohibited from accessing the Retained Copy. Therefore, Rule 16 does not apply and the government has no duty to produce to Defendants "evidence outside of its control," nor can the Court compel it to do so. *United States v. Hughes*, 211 F.3d 676, 688 (1st Cir. 2000); *see also Bender,* 304 F.3d at 163 ("[T]he rigors of *Brady* usually do not attach to material outside the federal government's control." (quoting *Sepulveda*, 15 F.3d at 1179); *United States v. Dillow*, 980 F.Supp.2d 879, 2013 U.S. Dist. LEXIS 157415 (N.D. Ohio 2013) (court lacked authority under Federal Criminal Rule 16 to compel police department to either identify the software it used in its investigation of child pornography matter or allow the defendant to conduct a physical examination of the software where Rule 16 requirements not met).

## CONCLUSION

Behman and BH respectfully request that this Court modify the Order, relieving Behman and BH of its obligation to review and prepare a privilege log the "burldata" folder and preclude these documents from production. Behman and BH have met their burden of establishing good

cause for modification of the Order on the grounds that compliance with the Order is unreasonable, unduly expensive, and oppressive. BH is a small insurance defense firm that depends on its billable work, at very competitive rates, which means its margins are thin in light of the growing costs of business. BH simply cannot afford the significant amount of time and massive cost associate with such a review and there is no harm to Defendants in light of the fact that there has been no showing that documents contained in the burldata folder are material to the defense. For these reasons, Behman and BH's request to amend the order and enter a protective order should be allowed.

WHEREFORE, Behman and BH request that this Court amend and modify its Order dated June 24, 2016, and enter the following Order:

1. Behman and BH shall provide a privilege log as to Folder3 and Folder4 of the Retained Copy portion of server;
2. Behman and BH shall provide a privilege log as to the documents contained in the folders in Folder1, with the exception of the documents and files in the "burldata" sub-folder;
3. Behman and BH will produce the folder structure for "burldata" to the government and Defendants within seven (7) days;
4. Defendants shall demonstrate which folders in "burldata" contain information material to their defense;
5. The party requesting a review and production of a privilege log of any document it deems is material to this case will bear all reasonable costs and expenses associated therewith; and
6. Any other relief the Court deems appropriate under the circumstances.

DATED:  July 22, 2016

                                             Respectfully submitted,

                                             */s/ William J. Lovett*
                                             William J. Lovett (BBO No. 643525)
                                             wlovett@collorallp.com
                                             **COLLORA LLP**
                                             100 High Street, 20th Floor
                                             Boston, MA 02110
                                             (617) 371-1000

## REQUEST FOR ORAL ARGUMENT

      Pursuant to Local Rule 7.1(d), Behman and Behman Hambelton LLP respectfully request that the Court schedule oral argument to assist the Court in deciding the issues presented.

                                             */s/ William J. Lovett*
                                             William J. Lovett

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 112.1 AND 7.1(A)(2)

      Undersigned counsel hereby certifies that he conferred with counsel for the government, Gibson, and Kesner on June 21, 2016.

      The government does not object to the relief requested provided that BH can represent that the categories of documents contained in client folders contain pleadings, discovery, privileged communications with clients and attorney work product as a party can request the documents' review in particularized instances.

      Counsel for Daniel Gibson objects to the relief requested on the grounds that any such limitation on the privilege review violates the government's Rule 16 and Brady obligations. Counsel for Daniel Gibson also objects to the relief requested as beyond the scope of Behman and BH's intervention.

      As of the filing of this motion, counsel for Mark Kesner has not provided a response to undersigned counsel's request that he consent to the relief requested.

                                             */s/ William J. Lovett*
                                             William J. Lovett

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 22, 2016.

                                            */s/ William J. Lovett*
                                            William J. Lovett