UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 1:15-cr-10323-IT |
| (1) DANIEL P. GIBSON, and<br>(2) MARK KESNER<br>       Defendants | ) ) ) ) ) | |

**SCOTT BEHMAN AND BEHMAN HAMBELTON LLP'S**
**POSITION STATEMENT ON PRODUCTION OBLIGATIONS**

In response to Magistrate Judge Cabell's inquiries during the status conference on September 14, 2016, Intervenors Scott Behman ("Behman") and Behman Hambelton LLP ("B&H") submit this pleading to clarify their position on production obligations for documents on the firm's mirror imaged server. Behman and B&H's position is as follows:

1. Behman and B&H were served a grand jury subpoena duces tecum and Behman and B&H complied with the subpoenas. In response to the government's concerns regarding admissibility and authenticity of certain documents, Behman and B&H entered into an agreement with the government to provide a mirror imaged copy of B&H's server with the understanding that the government could not access the server.

2. The Defendants moved under Rule 16 of the Federal Rules of Criminal Procedure to compel the government to produce the mirror imaged copy of B&H's server. (dkt. #42).

3. Behman and B&H intervened following this motion in order to assert and protect its legally available, valid privileges.

4. Following motions practice, Magistrate Judge Cabell found that the portion of the B&H server "the government imaged is in its custody possession or control for discovery

1

purposes" and that "the government must consistent with its discovery obligations turn over all information in its possession custody or control." (dkt. # 74) at 3-4. The government responded by proposing to access the entire server and turn a copy of the entire server over to the Defendants.

5. Behman and B&H filed an Objection to Order. (dkt # 79). Judge Talwani upheld the objections, in part, and amended the Order directing B&H to provide a privilege log to the government and Defendants. "After such privilege log is provided to the parties, *the government* shall produce to Defendants a copy of the documents on the Retained Copy [of the government imaged B&H server] not listed on Behman and BH's privilege log." (dkt. # 94) at 6 (emphasis added). Nothing in the amended Order required B&H to produce any documents.

6. B&H has met its obligations under the Order and produced the privilege logs identifying those documents to which a claim of privilege has been made. The government now bears the burden of producing the non-privileged documents pursuant to Fed. R. Crim. P. 16.

7. Behman and B&H are not subject to Fed. R. Crim. P. 16 and there is no authority for the proposition that the government may compel a third party to produce documents to fulfill the governments Rule 16 discovery obligations.

8. Behman and B&H have expended significant resources and incurred significant costs addressing discovery issues while protecting its clients' interests, including responding to the government's subpoena *duces tecum* and producing a 100 plus page privilege log in response to the Order. Although the Defendants and the government have important interests at stake, the law affords non-parties some degree of protection over what

litigants can demand of them. *See* Fed. R. Crim. P. 17 (providing litigants with means to obtain documents from third parties for use in a criminal case with statutory right to seek the court quash or modify the subpoena if compliance would be unreasonable or oppressive); *United States v. Nixon*, 418 U.S. 683 (1974) ("A subpoena for documents may be quashed if their production would be unreasonable or oppressive" (quotations omitted)); *see also United States v. Manghis*, 2010 WL 349583, *2 (D. Mass. Jan. 22, 2010) (Gertner, D.J.) (granting motion to quash Rule 17(c) subpoena, where defendant's request for documents was overbroad).

9. Therefore, absent the issuance of a subpoena for the non-privileged documents or other legal process, B&H is under no obligation to produce the non-privileged documents to the government especially when the documents are already in the government's possession. *Cf. United States v. Graham*, 2013 WL 5603946, *3 (D. Mass. Oct. 8, 2013) (Gorton, D.J.) (Rule 17(c) subpoena unnecessary where items were *voluntarily* produced); *with In re Grand Jury Investigation (General Motors Corp.)*, 31 F.R.D. 1 (S.D.N.Y. 1962) (court lacked jurisdiction over letter for documents from the government because "the Government's letter is not a process of this Court").

Dated: September 23, 2016

                                              Respectfully submitted,

                                              */s/ William J. Lovett*
                                              William J. Lovett (BBO No. 643525)
                                              wlovett@collorallp.com
                                              **COLLORA LLP**
                                              100 High Street, 20th Floor
                                              Boston, Massachusetts 02110
                                              (617) 371-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 23, 2016.

*/s/ William J. Lovett*
William J. Lovett