UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>v. )<br>)<br>(1) DANIEL P. GIBSON, and )<br>(2) MARK KESNER )<br>   Defendants. )<br>) | Criminal Action No. 1:15-cr-10323-IT |

### SCOTT BEHMAN AND HAMBELTON LLP'S STATUS
### REPORT AND MOTION TO MODIFY ORDER
### REGARDING PRIVILEGE REVIEW OF MIRROR IMAGED SERVER

**NOW COMES** third parties/intervenors Scott Behman and Behman Hambelton LLP (collectively "BH") to provide a status report regarding the privilege review ordered by Judge Talwani on June 24, 2016 and to seek modification of that order to expedite discovery in this case while preserving attorney-client privileges, attorney work product protections and client confidentialities. *See* Memorandum & Order ("Order") (dkt. #94).

The proposed order, attached hereto as Exhibit A, provides the government and counsel for the defendants immediate access to portions of the Mirror Imaged Server containing documents created on or before March 9, 2011 that have yet to reviewed by BH, namely the "Burl Data" folder and portions of the "Admin" folder while preserving the attorney-client privilege, attorney work product protection and client confidentiality. The proposed order is substantially similar to the current Protective Order entered by the Court except for the fact that any party seeking to use any document located on the Mirror Imaged Server in for any purpose must first provide a copy of the document to BH to provide BH with the opportunity to object on the basis of privilege. The remaining portions of the existing Protective Order would remain

intact including the provisions that require an *in camera* review by the Court of any documents a party seeks to place in the public record.

Modification of the existing Protective Order is necessary and appropriate in light of the ever increasing number of documents subject to the privilege review resulting from the government's reprocessing of the Mirror Imaged Server performed after BH commenced its privilege review, the parties refusal to engage in any meaningful effort to narrow the universe of documents subject to review and the undue burden placed on BH to review hundreds of thousands of documents for privilege without regard as to whether any of these documents are relevant to the issues to be litigated in this case.

## BACKGROUND AND STATUS REPORT

On June 24, 2016, Judge Talwani issued a Memorandum and Order dated June 24, 2016 (hereinafter the "Order") concerning the production of a copy of the Mirror Imaged Server. The Order required BH to provide a privilege log to the government and the defendants identifying each and every document on the Mirror Imaged Serve it contends is protected by the attorney-client privilege. *See Order,* ¶ 1.

## Behman Hambelton's Review of Folders 1, 3 & 4

On July 7, 2016, BH was provided access to the Mirror Imaged Server database produced by the government. The Mirror Imaged Server database contained three folders.

- "Folder1" contained 276,899 documents that vast majority of which were case related documents pertaining to Gibson &Behman PC's representation of clients.

- "Folder3" contained 3,303 documents created or modified between March 9, 2011 and June 11, 2011. BH reviewed Folder 3 and produced a privilege log to the parties on August 25, 2016 and a disk containing the non-privileged documents in Folder 3 on November 17, 2016.

- "Folder4" contained 630 documents responsive to search terms provided by BH to identify potentially privileged documents created by BH's counsel. BH produced a privilege log to

the parties on July 21, 2016 and a disk containing the non-privileged documents on November 17, 2016.

A majority of 279,000 documents in Folder 1 were case files related to Gibson & Behman PC's representation of its clients, including correspondence with counsel, pleadings, discovery requests, attorney work product and attorney-client communications. Based on an a review of a sampling of these case files, BH estimated that it would take approximately 2,100 hours to complete a privilege review of the 279,000 documents in Folder 1.

On July 22, 2016, BH filed a Status Report and Motion to Modify Order Regarding Privileged Review of the Mirror Imaged Server (Dkt #108). The Court did not rule on this motion. However, at a status conference on July 25, 2016, the Court ordered defense counsel to make a Rule 16 discovery request and provide a list of search terms to the government to reduce the number of documents in Folder 4 that would be subject to the privilege review (Dkt. # 109).

## The Government's Application of Defendants' Search Terms and Reprocessing of Mirror Imaged Server

On October 7, 2016, the government filed a "Server Status Report" (Dkt. # 125). The Server Status Report indicated that defense counsel provided the government with 170 search terms and a listing of file extensions to comply with the Court's July 25, 2016 order. Instead of applying the defendants' search terms to the documents contained in Folder 4, the government reprocessed the entire Mirror Imaged Server and ran individual key word searches against the reprocessed image.

On October 14, 2016, the government filed a "Supplemental Server Status Report" (Dkt. #126) indicating that it identified approximately 364,000 documents that satisfied the defendants' search terms and that the number of documents was expected to increase before its forensic analysis was completed. Thus instead of decreasing the number of documents in Folder

3

subject to privilege review, the process *increased the number of documents subject to privilege review by at least 85,000.*

### The January 9, 2017 Joint Memorandum
### For Interim Status Conference January 11, 2017

On January 9, 2017, the parties filed a Joint Memorandum in advance of the interim status conference scheduled for January 11, 2017. (Dkt. # 144) The Joint Memorandum indicated that the government was in the process of providing BH with the pre-March 9, 2011 contents of the Mirror Imaged Server in a load format as directed by the Court. The memorandum also indicated that the list of search terms, files and extensions provided the defendants identified "in the area of 300,000 documents and records on the server during the relevant timeframe" and that the government intended to file a motion to modify the scope and order of the privilege review. The government did not file any such motion.

### Defense Counsels' Review of Files Identified by Search Terms

At the January 11, 2017 status conference, the government and defense counsel agreed that the government would provide a spreadsheet listing files identified by the defense search terms to permit defense counsel to identify those files that were likely to contain documents relevant to the defense and thereby reduce the number of files subject to a privilege review. That spreadsheet listed 20,000 folders located on the Mirror Imaged Server and was provided to defense counsel on January 26, 2017.

On February 23, 2017, defense counsel produced a color coded spreadsheet identifying 117 folders to be excluded from the privilege review, 720 folders that the defense believed should be produced without a privilege review, and approximately 4,161 folders that should be subject to a privilege review. Defense counsels' review was incomplete and inaccurate in that it included only 5,000 of the 20,000 folders listed on the spreadsheet and identified folders

4

containing BH documents that fall outside of the scope of the Protective Order, such as BH Timeslips data from 2012 and 2013. The spreadsheet also identified other files that have no relevance to this case, such as individual employee files containing photographs, I-Tunes files and system files. *See* Spreadsheets attached hereto as Exhibit B. In short, defense counsel made no meaningful effort to reduce the number of documents subject to the privilege review and demanded that documents that clearly fell outside the scope of the Protective Order be produced.

### BH's Status Report

In addition to its review of Folders 3 and 4, BH reviewed user created documents in the following folders on the Mirror Imaged Server, produced non-privileged documents and privilege logs as set forth below.

- Admin Folder – 133 Non-privileged documents produced on February 24, 2017

- Admin – Deborah BH – GB LLC – 22 Non-privileged documents produced on February 24, 2017

- Admin – Deborah BH – Wind Down – 5 Non-privileged documents produced on February 24, 2017 with 1 document identified as privileged on privilege log.

- Admin – Deborah HK – 16 Non-privileged documents produced on February 24, 2017 with 25 documents identified as privileged on privilege log.

- Admin –Nancy – 14,812 Non-privileged documents produced on February 24, 2017 with 25 documents identified as privilege on privilege log.

- Admin – Deborah BH – Dan Jr. 2,577 Non-privileged documents produced on March 6, 2017 with 186 documents identified as privileged on privilege log. BH review was limited to email communications between Daniel J. Gibson and/or defendants.

- Admin – Deborah BH – Sharmili Folder – 1 Non-privileged document produced on March 6, 2017. BH review was limited to email communications with Daniel P. Gibson.

Since January 1, 2017, BH and its counsel have spent 114.70 hours reviewing documents and creating privilege logs to comply with Judge Talwani's Order. In total, BH and its counsel have

spent in excess of 260 hours reviewing documents and creating privilege logs to comply with Judge Talwani's Order.

The review process has been hampered by a number of issues that are beyond BH's control. These issues include:

- The number of documents subject to the privilege review is undefined and has more than doubled since Judge Talwani entered her order on June 24, 2016. Because the government continues to reprocess the Mirror Imaged Server and identify documents, BH cannot estimate the number of documents left to review or the time it would take to complete this review. However, BH previously estimated that it would take 2,100 hours to review 279,000 documents in Folder 4 originally produced by the government. Assuming that the government's estimate of 300,000 to 400,000 documents is correct, BH estimates that it would take anywhere from 2,500 hours to 3,000 complete the privilege review.

- The government's process for identifying documents created on or before March 9, 2011 is flawed. Privilege reviews performed by BH identified several documents identified as being created on before March 9, 2011 were BH documents created after that date. The spreadsheet that the government provided to defense counsel that purportedly lists documents created on or before March 9, 2011 includes numerous files, such a Timeslips backup files from 2012 and 2013 that were created by employees (Lianne Higgins and Barabara McCarthy) who never worked for Gibson & Behman PC. These documents fall outside of the scope of the existing Protective Order.

- BH has experienced significant issues with the format of documents produced to date. Many of the documents, particularly emails, are virtually illegible. Other documents, such as attachments to emails are blank or are unreadable. These issues substantially increase the time it takes to load the documents onto an e-discovery platform and review the documents for privilege. BH provided examples of these documents to the government and requested that the government research the source of the issues.

- The Burl Data Folder is too large to load directly onto Collora's e-discovery platform. If the Court denies this motion, BH's counsel will request that the government produce portions of the Burl Data folder so that the review can be performed piecemeal.

**Modification of the Protective Order Is Appropriate Under the Circumstances**

The Order as currently configured requires BH to review an indeterminate number of documents for privilege requiring an excessive and undetermined amount of time and expense.

6

Such a review is not feasible given that the universe of documents subject to review remains undefined and the refusal of the parties identify and agree on the categories of documents relevant to the issues to be litigated in this case.

In order to expedite discovery and relieve BH of the undue burden of reviewing hundreds of thousands of documents for privilege, BH request that the Court enter the proposed Protective Order attached hereto as Exhibit A. The proposed Protective Order would allow the parties to review those portions of the Mirror Imaged Server containing documents created on or before March 9, 2011 that have yet to be reviewed by BH, namely the Burl Data Folder, the Admin – Deborah BH Dan Jr. Folder and the Admin – Deborah BH Sharmili Folder, to identify documents that either party may seek to use in the litigation in any manner. The parties would then be required to provide copies of any such documents to BH to provide the firm with an opportunity to object to the use of the documents on privilege grounds.

In the event that the government identifies additional documents on the Mirror Imaged Server, the proposed Protective Order would require the government to consult with BH to provide BH with the opportunity to review the documents for privilege or designate the documents for production pursuant to the order.

## CONCLUSION

WHEREFORE, Behman and BH request that this Court modify its Order dated June 24, 2016, and enter the attached proposed Protective Order.

> Respectfully submitted,
>
> */s/ William J. Lovett*
> William J. Lovett (BBO No. 643525)
> wlovett@collorallp.com
> **COLLORA LLP**
> 100 High Street, 20th Floor
> Boston, MA 02110
> (617) 371-1000

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 112.1 AND 7.1(A)(2)

Undersigned counsel hereby certifies that he conferred with counsel for the government, Gibson, and Kesner on March 15, 2017.

Counsel for Daniel P. Gibson agrees in principal with the proposed procedure outlined in the proposed order but reserves the right to make specific objections to the implementation. Counsel for Daniel P. Gibson objects to the inclusion of the indemnification language in paragraph 13 of the proposed order.

Counsel for Mark Kenser does not agree to the proposed order in its current form but is willing to have a meaningful meet and confer to narrow the areas of disagreement.

Counsel for the government does not object to the proposed order to the extent the order provides a mechanism to speed and facilitate the privilege review be enabling BH to push portions of the Mirror Imaged server out under the protections of an order similar to the order originally entered by the Court. Counsel believes that there are some significant drafting issues to work through but believes the parties can work through those issues. The government objects to paragraph 17 of the order to the extent it limits the scope of the overall court ordered privilege review.

> */s/ William J. Lovett*
> William J. Lovett

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2017.

> */s/ William J. Lovett*
> William J. Lovett