# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>v. )<br> )<br>(1) DANIEL P. GIBSON, and )<br>(2) MARK KESNER )<br>Defendants. )<br> ) | Criminal Action No. 1:15-cr-10323-IT |

**[PROPOSED] AMENDED PROTECTIVE ORDER REGARDING DISCLOSURE OF
GIBSON BEHMAN PC MIRROR IMAGED SERVER**

This Court, having considered Behman Hambelton LLP and Scott Behman's Motion to

Amend the Protective Order entered on June 10, 2016 (Dkt. # 75) as amended by Judge

Talwani's Memorandum and Order dated June 24, 2016 (Dkt. # 94) (the "Current Protective

Order"), the Protective Order is amended as follows:

1. For the purposes of this Amendment, the term "Protected Information" shall include

   materials protected from discovery by the attorney-client privilege, attorney work

   product doctrine and the duty of counsel to maintain client confidentiality pursuant to

   the Massachusetts Rules of Professional Conduct.

2. For the purpose of this Amendment, the term "Mirror Imaged Server" refers to the

   Gibson Behman PC server mirror imaged by the government in connection with a

   grand jury investigation pursuant to an agreement with Behman Hambelton LLP

   dated June 24, 2015.

3. This Amendment relates to electronically stored information and data on the Mirror

   Imaged Server information created on or before March 9, 2011 located in the "burl

data" folder and in the "Admin Deborah BH Dan Jr. Subfolder" and the "Admin Sharmali" subfolder.

4. This Amendment shall not apply to documents and electronically stored data and documents on the Mirror Imaged Server previously reviewed by Behman Hambelton LLP in accordance with Judge Talwani's Memorandum and Order dated June 24, 2016.

5. This Amendment shall not apply to any electronically stored information or documents related to Behman Hambelton LLP on the Mirror Imaged Server that have no relation to Gibson Behman ("Behman Hambelton Data"). Behman Hambelton Data shall not be produced, in any form, to the government or defense counsel pursuant to this Order.

6.  Behman Hambelton LLP, in coordination with the government, shall produce to the government and counsel for the Defendants electronic versions of documents and data that created on or before March 9, 2011 contained in the "burl data" folder, the "Admin – Deborah BH – Dan Jr." sub-folder, and the "Admin – Sharmali" sub-folder.

7. Counsel for the Defendants and the government shall not disclose any documents or data produced pursuant to this Amendment to any person except the parties, and those assisting the government and counsel for the Defendants in the prosecution and defense of this matter and then only during the course of the prosecution and defense of this matter.

8. Documents or data produced pursuant to this Amendment shall not be copied or reproduced except as necessary to provide copies of the documents or data for use by

an authorized person to assist in the prosecution or defense. All such copies and reproductions will be treated in the same manner as the original.

9.  When providing documents and data produced pursuant to this Amendment to an authorized person, counsel for the party providing such materials must provide a copy of this Amendment to the authorized person and inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order.

10. Upon receipt of the electronic data, the government and counsel for the Defendants (including any authorized person) shall conduct a review to identify any documents or data that either party seeks to rely upon or use in any manner, in connection with this proceeding. The parties shall provide Behman Hambelton LLP with copies of such documents or data in electronic form with a summation load file to provide Behman Hambelton LLP with the opportunity to object to disclosure of Protected Information.

11. No party shall place in the public record during any pretrial or trial proceeding or for any other purpose any document covered by this Amendment which may contain confidential or privileged information of any Gibson & Behman PC client learned in the course of the provision of legal services to any such client without first identifying the document and providing all other parties, Behman Hambelton LLP and the identified client with notice of any intention to rely on such document and the opportunity to object to any disclosure.

12. No party shall place in the public record during any pretrial or trial proceeding or for any other purpose any document covered by this Amendment from the Mirror Imaged

Server, including a document that does not contain confidential or privileged information, without first submitting it to the Court for an *in camera* review.

13. The failure of the government, counsel for the Defendants or authorized persons to treat Protected Information in accordance with this Protective Order shall not constitute a waiver of the attorney-client privilege, work product protection, client confidentiality or any other privileges or protections applicable to those materials. The government and defendants will indemnify and hold Behman Hambelton LLP and any of their partners and employees harmless if any documents or electronic data, including but not limited Protected Information is improperly disseminated in violation of this Order, whether intentionally or unintentionally.

14. Pursuant to Federal Rule of Evidence 502(d), it is hereby ordered that disclosure of materials pursuant to this Amendment shall not be deemed a waiver of any privilege or protection otherwise applicable to such materials.

15. Nothing in this Amendment overrides any attorney's ethical responsibilities to refrain from or disclosing materials that the attorney knows or reasonably should know to be Protected Information and to inform Behman Hambelton LLP that such materials have been identified.

16. In the event the government or counsel for the Defendants contest Behman Hambelton LLP's designation of Protected Information, they must move the Court for an order compelling disclosure of the Protected Information. Such motion must be filed under seal.

17. In the event that the government identifies additional documents or electronically stored data on the Mirror Imaged Server that have not been previously reviewed by

Behman Hambelton LLP or produced pursuant to this Order, the government shall provide copies of those documents or electronically stored data to Behman Hambelton LLP who will either review the documents for privilege in accordance with the Current Protective Order or designate the documents or electronically stored data for production pursuant to the terms of this Amendment.

18. At the conclusion of this case, the government and counsel for the Defendants shall certify in writing that documents and data produced pursuant to this Amendment have been deleted and/or destroyed.

19. Except as modified by this Amendment, the Current Protective Order shall remain in place.

_____
DONALD L. CABELL, U.S.M.J.

Dated: March __, 2017

5