UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 15-cr-10323-IT |
| | ) | |
| DANIEL GIBSON and MARK KESNER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PARTIAL OPPOSITION TO
INTERVENORS' MOTION TO AMEND PROTECTIVE ORDER**

Defendants Daniel Gibson and Mark Kesner respectfully submit this partial opposition to the motion by intervenors Scott Behman and Behman Hambelton LLP to amend the protective order currently in place concerning the imaged server that Intervenors voluntarily provided to the government, thereby putting it in the government's possession, custody, or control. Defendants do not object to reverting to an approach whereby they and the government will be provided materials without a prior privilege review by intervenors, but do object to certain of the provisions that Intervenors have proposed to accompany that reversion.

More specifically, defendants respectfully state as follows:

As the Court is aware, defendants and the government originally proposed a form of protective order that would result in delivery of the server at issue to defendants and the government, subject to certain strict protections to prevent the public disclosure of protected materials on the server. Magistrate Judge Cabell entered a form of order consistent with that approach. Intervenors appealed that order, which District Judge Talwani affirmed except to the extent of providing intervenors with the opportunity to review materials for privilege prior to the production to the parties. Judge Talwani's order entered eight months ago, in July 2016.

As the Court is well aware from multiple hearings, to date intervenors have not reviewed the bulk of materials for privilege, and thus most of the materials continue to be withheld from defendants. Now, eight months after having asked for and received the right to conduct a privilege review, intervenors seek to waive that review for a large portion of the materials at issue.

Defendants do not object to reversion to the earlier arrangement, which is what they proposed initially and what Magistrate Judge Cabell ordered. The intervenors, however, have included in their proposed amendment to the current protective order certain provisions to which Defendants do not agree. To make clear what is in dispute, defendants attach hereto as Exhibit A a redlined version of intervenors' proposed amendment, reflecting the changes that defendants would request prior to its entry. Below is a discussion of each of the proposed changes by paragraph, along with a brief explanation of defendants' position on each proposed change:

<u>Title</u>. Based on discussion with interventors' counsel, defendants understand that intervenors agree to this change, which is intended to make clear that this amendment supplements, rather than replaces in its entirety, the current protective order.

<u>Paragraph 5</u>. This change simply seeks to make clear that the exclusion of Behman Hambelton documents applies only to the extent such documents are not only purely Behman Hambelton documents but that they also have no relation whatsoever to Gibson & Behman and no relevance to the issues in the above-captioned matter.

<u>Paragraph 9</u>. Based on discussion with interventors' counsel, defendants understand that intervenors agree to this change, which is simply for purposes of consistency of nomenclature.

<u>Paragraph 10</u>. Defendants propose deleting this paragraph, which would place a disclosure requirement in the event a party intends to "rely upon or use in any manner" the

covered materials, as that phrase is vague in light of other provisions already placing restrictions on disclosure and filing of materials.  Those other provisions already prohibit disclosure of the covered materials beyond those permitted access by the Amendment (¶¶ 7-9) and restrict the placing of covered materials in the public record (¶¶ 11-12).  Thus, to the extent "rely upon or use in any manner" is intended to address disclosure or filing of materials, these other provisions already address such actions.  To the extent "rely upon or use in any manner" is intended, as the language suggests, to apply to a broader set of actions, defendants do not understand its intended meaning.  For example, if defense counsel were to review and discuss with their clients documents covered by this Amendment, or if counsel "use" a document to integrate its contents into a log or an internal memoranda would the language "use in any manner" apply (despite the fact that defense counsel and their clients are permitted recipients of the documents), such that defendants would have to send the documents to intervenors before defense counsel and their clients could discuss the documents?  "Use in any manner" would suggest such a restriction, which is neither practical nor sensible, and would improperly interfere with the attorney-client relationship.  Defendants have asked intervenors' counsel multiple times for a clearer explanation of the purpose of this language, but have received no such explanation.

   Paragraph 11.  These proposed edits reflect the fact that Behman Hambelton, not defendants or the government, would have access to contact information for and relationships with any clients whose information might be at issue.  Accordingly, Behman Hambelton, not defendants or the government, would be tasked with contacting such clients if necessary.

   Paragraph 13.  Defendants do not agree (and understand that the government would not agree) to indemnify intervenors for disclosures made in contravention of this Amendment.  Intervenors, not defendants, chose to put the entirety of the server in the government's

possession. Intervenors are further choosing to forego the privilege review that Judge Talwani allowed them. Violations of an order of this Court already carry potential sanctions. Indemnification is neither necessary nor appropriate.

## CONCLUSION

For the reasons provided herein, defendants Daniel Gibson and Mark Kesner respectfully request that if the Court accepts intervenors' proposed Amendment to the protective order, it do so only after making the changes discussed herein and reflected in Exhibit A hereto.

    Respectfully submitted,

    */s/ Martin Weinberg*
    Martin Weinberg
    Counsel for Defendant Daniel Gibson

    */s/ Joshua L. Solomon*
    Joshua L. Solomon
    Counsel for Defendant Mark Kesner

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 29, 2017.

      /s/ Joshua L. Solomon