UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL P. GIBSON )<br>)<br>Defendant. )<br>) | Criminal No. 15-cr-10323-IT |

**DEFENDANT DANIEL P. GIBSON'S MOTION FOR JUDGEMENT OF ACQUITTAL**

Now comes the defendant Daniel P. Gibson, by and through undersigned counsel, and hereby respectfully moves this Honorable Court for a judgement of acquittal on Counts One, Two, and Five of the Indictment pursuant to Fed. R. Crim. P. 29(a).

**I.     LEGAL STANDARD**

On a defendant's motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). In other words, the Court must decide "whether any rational factfinder could [find] that the evidence presented at trial, together with all reasonable inferences, viewed in the light most favorable to the government, established each element of the particular offense beyond a reasonable doubt." *United States v. Richard,* 234 F.3d 763, 767 (1st Cir.2000) (quoting *United States v. Gabriele,* 63 F.3d 61, 67 (1st Cir.1995)). "While all

1

inferences must be made in favor of the prosecution, leaps of logic should not be." *Evans-Smith v. Taylor*, 19 F.3d 899, 908 n.22 (4th Cir. 1994). "Where . . . the trier of fact would have . . . to rely on attenuated inferences [to make a finding] . . . the finding . . . cannot stand." *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010).

## II.  ARGUMENT

Taking the evidence in the Government's favor, it has failed to prove essential elements of Counts One, Two, and Five of the Indictment. The elements of the alleged offenses for which the Government's evidence is insufficient include, but are not limited to the following:

### a.  Counts One and Two

As to both Counts One and Two, the Government has failed to present any evidence that Mr. Gibson willfully and knowingly made false statements in connection with his 2008 and 2009 individual tax filings. The evidence adduced at trial proved that Mr. Gibson relied on Dawn Garrity to accurately keep track of the firm's income and distributions. Mr. Gibson never directed Ms. Garrity to hide any checks or modify any QuickBooks entries. Mr. Gibson acted in good faith at all times and provided, through Ms. Garrity, the accurate QuickBooks records to the firm's accountants. Mr. Gibson also never directed the firm's accountant to create adjusting entries that reduced the "professional fees" account. Indeed, Mr. Gibson acted in good faith and relied on his and the firm's accountants to prepare accurate tax filings. Furthermore, there is insufficient evidence Mr. Gibson read either return or that Mr. Gibson knew about the adjusting entries, which were, as a matter of course, provided to Dawn Garrity after the filing of the returns and never reviewed with Mr. Gibson. In the context of this case, the fact that Mr. Gibson signed the 2008 return and signed the 2009 e-filing authorization does not establish that he reviewed the 1040 - or the K-1 - or the 1120 - or the adjustments. There is thus no evidence beyond a

2

reasonable doubt that Mr. Gibson knew of the accountant's adjustments, agreed to them, or knew they resulted in an inaccurate return as required for a finding of willfulness pursuant to 26 U.S.C §7206(1) or pursuant to 18 U.S.C §371 when the object of the conspiracy is to defraud the IRS.

### b. Count Five

The Government has further failed to prove the existence of the charged conspiracy, namely a conspiracy to "to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue: to wit, income taxes." Indictment at 8.  First, the Government has not presented any evidence of the existence of an agreement between Mr. Kesner and Mr. Gibson to cheat the IRS through the purportedly unlawful adjustments.  Indeed, the Government has failed to present any evidence that Mr. Gibson was even aware of the adjustments, *see supra*.  Second, the Government has failed to prove that Mr. Gibson knowingly and willfully joined and participated in the conspiracy.  Mr. Gibson provided, through Ms. Garrity, the accurate books and records of the law firm, filed tax returns as prepared by his and the law firm's accountants, and acted in good faith at all times.  The Government has not put forth an iota of evidence that Mr. Gibson had the requisite state of mind necessary to commit tax fraud or participate in the alleged conspiracy.

### III.   CONCLUSION

Based on the foregoing, this Honorable Court should enter a judgement of acquittal on Counts One, Two, and Five of the Indictment

Respectfully Submitted,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net
*Counsel for Defendant Daniel Gibson*

Dated: April 30, 2019

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, April 30, 2019, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.