UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 1:15-cr-10323-IT |
| DANIEL P. GIBSON, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

January 9, 2020

TALWANI, D.J.

Following Defendant Daniel Gibson's conviction on charges of filing false tax returns and conspiracy to defraud the United States and impede and impair the Internal Revenue Service ("IRS"), the court imposed a 24-month sentence. Judgment [#473]. Defendant has now filed a Motion for Release Pending Appeal [#470]. The Bail Reform Act of 1984 requires that defendants convicted and sentenced to a term of imprisonment be detained pending appeal unless, inter alia, "the appeal raises a substantial question of law or fact" and "if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Bayko, 774 F.2d 516, 522 (1st Cir. 1985) (citing 18 U.S.C. § 3143(b)).

Defendant's motion presents three issues that he anticipates raising on appeal. These are (1) the sufficiency of the evidence to convict; (2) whether the court properly admitted, with limiting instructions, some evidence reflecting adjustments made in 2001 and 2002, including a notation that attributed a reclassification to the Defendant; and (3) whether Defendant was unfairly prejudiced by the introduction of evidence concerning his control of his firm's finances.

The court concludes that the first and third issues raised by Defendant are not "close" questions or ones "that very well could be decided the other way." Bayko, 774 F.2d at 523. As explained in the court's Memorandum and Order [#418], the substantial amount of circumstantial evidence introduced was sufficient for a rational jury to conclude beyond a reasonable doubt that Defendant willfully submitted tax returns knowing they were false and conspired to impede and impair the IRS. Furthermore, Defendant's argument that the court allowed the government to introduce an excessive amount of relevant information concerning Defendant's knowledge and control of his former law firm's finances is unconvincing. This evidence was of substantial relevance to establishing Defendant's mens rea and any prejudice caused by such evidence was cabined by the court's limiting instructions that restricted what the evidence could be used to prove.

With regards to the second issue raised by the Defendant, the court agrees that the admissibility question posed to the court was a close call that could reasonably have gone the other way. Thus, the issue presented is one that "raises a substantial question of law or fact" for the First Circuit to grapple with on appeal. Nonetheless, the court concludes that it is not "more probable than not that a favorable decision will result in a reversal of the conviction or a new trial." Bayko, 774 F.2d at 522 (internal citation omitted). The basis for this determination is reflected in the court's recital of the uncontested evidence introduced by the government at trial. See Mem. and Order 12-14 [#418]. As explained therein, the government introduced substantial evidence concerning Defendant's culpability for the charged offenses. The contested evidence was consistent with other evidence presented by the government that tended to establish Defendant's awareness of the falsity of the returns and the existence of a conspiracy and the jury's use of the evidence was circumscribed by the court's limiting instruction. Accordingly,

any error regarding the admissibility of the challenged evidence is likely harmless. Defendant's Motion for Release Pending Appeal [#470] is therefore DENIED.

      IT IS SO ORDERED.

Date: January 9, 2020                                          /s/ Indira Talwani
                                                                                       United States District Judge