UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 1:15-cr-10323-IT |
| DANIEL P. GIBSON, | * | |
| | * | |
| Defendant. | * | |

ORDER

March 3, 2020

TALWANI, D.J.

At sentencing on Defendant Daniel Gibson's conviction on charges of filing false tax returns in violation of 26 U.S.C. § 7206(1) and conspiracy to defraud the United States and impede and impair the Internal Revenue Service ("IRS") in violation of 18 U.S.C. § 371, the court deferred the determination of restitution. Judgment [#473]. Having now considered the parties' supplemental briefs, the court orders restitution in the amount of $875,210 for the reasons set forth below.

The Mandatory Victims Restitution Act ("MVRA") requires the court to order restitution to the identifiable victims of certain crimes, including Title 18 offenses "against property" which have been "committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). The First Circuit has determined that the United States government "may be a victim for purposes of the MVRA." United States v. Mei Juan Zhang, 789 F.3d 214, 217 (1st Cir. 2015) (internal quotation omitted). Defendant argues that because Mr. Gibson was convicted of offenses under both Title 18— where restitution is available—and Title 26—where restitution is not available other than as a condition of supervised release—court-ordered restitution is not available "to the extent the conspiracy count of the Indictment is predicated on the same sort of conduct charged or

chargeable under Title 26." Def.'s Suppl. Mem. 2 [#482]. However, the MVRA makes no such distinction between Title 18 offenses against property committed by fraud or deceit that are also chargeable under other Titles and Title 18 offenses that are not, and the court will not read such a distinction where none exists. See also United States v. Turner, 718 F.3d 226, 236 (3d Cir. 2013) (holding that conspiracy to defraud the IRS of its property in violation of 18 U.S.C. § 371 is an offense against property under Title 18 and thus covered by the MVRA); United States v. Meredith, 685 F.3d 814, 827 (9th Cir. 2012) (holding that while the MVRA "does not apply to Title 26 income tax-related offenses . . . it does apply [to] the Section 371 conspiracy offenses"). Accordingly, Mr. Gibson is subject to an order of mandatory restitution under the MVRA.

Both sides agree that if the MVRA applies, the court must order payment of $875,210, which is the amount that resulted from the conduct charged in the Indictment and proven at trial. See Def.'s Suppl. Mem. 2 [#482]. The government contends that Defendant should also be ordered to pay $501,970 that the IRS allegedly lost as a result of underreporting of firm income on Scott Behman's tax returns, and $158,991 that arises from a 2006 adjustment in Defendant's firm's books, for a total of $1,536,171. Gov't's Suppl. Mem. 3 [#481].[1]

Under the MVRA, the government must demonstrate by a preponderance of the evidence "the amount of loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e). The court finds that the government has failed to meet this burden of proof. Beginning with the amount that Scott Behman allegedly failed to pay the IRS as a result of Mr. Gibson's conduct, the government attorney represented during the sentencing hearing that, based on the information

---

[1] The government initially requested restitution in the amount of $1,681,671. Gov't's Sentencing Mem. 1 [#460]. However, at sentencing the court found that $145,500 in losses that arose out of conduct that allegedly took place in 2001 and 2002 was not relevant conduct for the purpose of calculating Mr. Gibson's base offense level under U.S.S.G. § 2T4.1. Following that ruling, the government no longer requests restitution for the 2001 and 2002 losses.

2

in her possession, she could not calculate 1) how much Mr. Behman actually received in unreported income for the relevant tax years, or 2) how much Mr. Behman has subsequently paid to the IRS in taxes on that unreported income. Because it is the government's burden to establish the amount of restitution needed to make the victim whole and because the government has not put forth facts from which the court can conclude, even by a preponderance of the evidence, what that dollar figure is, the court declines to order restitution for amounts that Mr. Behman allegedly underpaid.

The government has similarly failed to meet its burden regarding the disputed 2006 adjustment. Mr. Gibson was charged and convicted on a different 2006 adjustment ("the first 2006 adjustment") that created a tax loss of $158,991 for the IRS on the tax forms signed by Mr. Gibson. The disputed 2006 adjustment ("the second 2006 adjustment") concerns an adjustment that was not proven at trial or indeed put before the jury. Instead, the only evidence before the court concerning the second 2006 adjustment is a transaction sheet showing a charge of $668,026.32 that is labelled "VOID." Trial Ex. 44 at 1; Trial Ex. 46. Unlike the charges on which Mr. Gibson was convicted, the government has not put forth evidence showing that this adjustment resulted in a fraudulent underreporting of the firm's income on the tax returns. As a result, the government has not demonstrated that the IRS sustained this amount as a result of the offense.

For the reasons set forth above, Mr. Gibson is ordered to pay restitution in the amount of $875,210. An amended judgment will issue shortly.

IT IS SO ORDERED.

Date: March 3, 2020                                         /s/ Indira Talwani
                                                            United States District Judge